### Cox and Another *v.* HAZARD.

Assumpsit by the assignee of the payee of a promissory note against the maker. The note was dated the 1st of *December*, 1836, and payable 90 days after date. Plea, that the note was executed in part consideration of certain town lots; that on the execution of the note, the payee gave his title-bond to the defendant, the condition of which (after reciting that he had received one-third of the purchase-money, and the defendant's note for the residue payable in three years) was for a conveyance of the lots to the defendant on payment of the residue of the purchase-money; that four years elapsed after said notes and bond were given before this suit was commenced; that the note sued on was given for the one-third of the purchase-money alleged in the bond to have been paid; and that the payee did not on the 1st of *December*, 1839, or at any time previously, execute or offer to execute to the defendant a deed for the lots; wherefore the consideration of the note had failed. *Held,* that the plea was bad.

ERROR to the *Rush* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Hazard* against *Cox* and *Morrow* on a promissory note. The note was dated on the 1st of *December*, 1836, payable 90 days after date to *James Conwell* or order, and indorsed by *Conwell* to the plaintiff.

Pleas, 1. The general issue. 2. That the note was executed in part consideration of lots numbered 19 and 20 in the

town of *Laurel;* that on the execution of the note, the payee gave his title-bond to the defendants, the condition of which (after reciting that he had received one-third of the purchase-money, and the defendants' note for the residue payable in three years) was for the making to the defendants a deed for said lots with relinquishment of dower, upon payment of the residue of the purchase-money; that four years elapsed after the said note and bond were given before this suit was commenced; that the note sued on was given for the one-third of the purchase-money alleged in the bond to have been paid; and that *Conwell* did not on the 1st of *December,* 1839, or at any time previously, execute or offer to execute to the defendants, or to either of them, a deed for said lots; wherefore the consideration of the note had failed.

General demurrer to the special plea, and the demurrer sustained. The cause was submitted to the Court on the general issue, and judgment rendered for the plaintiff.

As the plaintiff did not sue on the note described in the declaration, till the whole of the purchase-money was due, the case stands on the same ground on which it would have stood, had the suit been on the note for the residue of the purchase-money. The plaintiff must have offered to execute the deed before the commencement of the suit. The plea is bad for omitting to aver that such offer had not been made. This is not like the case where the purchase-money is to be paid and the deed executed on the same day. Here the deed was to be made on payment of the residue of the purchase-money; and it is therefore sufficient for the plaintiff, if he offered the deed before he commenced the suit.

The record does not show what evidence was given on the trial, or that any objection was made to the proceedings subsequent to the sustaining of the demurrer to the special plea.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*J. S. Newman,* for the plaintiffs.

*G. H. Dunn, P. L. Spooner,* and *P. A. Hackleman,* for the defendant.