No. 24.—HILLSBURY R. HARRISON and BRITAIN SIMS, plaintiffs in error, *vs.* HENRY HENDERSON, defendant in error.

[1.] Where a suit was instituted on a joint and several note against H., as principal debtor, and S., as security—*Held*, that inasmuch as it appeared on the face of the record, that it was the separate debt of H., secured by the joint security of S., that H. might set off an open account which he held against the plaintiff for dealings between themselves under the statute.

Debt and set-off. From Coweta Superior Court. Tried before Judge HILL, September Term, 1847.

This action was founded upon a joint and several promissory note, made by Harrison as principal, and Sims as security. The case came on to be tried upon the appeal at the above Term, when a motion was made in behalf of Harrison, to reinstate a plea of set-off, filed by him at a former Term of the Court, (and which had been stricken out of the record by the order of the Court,) by way of amendment to his answer. The Court below overruled the motion, on the ground that the demand set forth in defendant's plea, so offered as an amendment to his answer, could not be allowed as a set-off under the statute, for the reason that the demand offered to be set off, and the demand of the plaintiff, were not mutual. The set-off sought to be pleaded, consisted of an open account in favor of Harrison against Henderson. To which decision of the Court below the plaintiff in error excepted.

BURCH, for the plaintiffs in error, made the following points:

1st. The note sued on is not a joint debt, but a joint security for a separate debt. 2 *Story's Eq. sec.* 1436.

2d. If this be a joint debt, it is also a separate debt, the note being joint and several, and a separate debt may be set off against *a joint and separate* debt. *Crist vs. Brendle*, 2 *Rawle R.* 121. 2 *Term R.* 32. 1 *Paige's R.* 585. *Ashley vs. Willard, et al.,* 2 *Tyler's R.* 391. *Mitchell vs. Gibbs,* 2 *Bay's R.* 475.

3d. If the note were joint only, under the circumstances the set-off would be allowed in equity upon three grounds: 1st. The insolvency of the principal. *Am. Ch. Dig.* 521. *Stewart et al. vs. Chamberlain,* 6 *Dana's R.* 32. 1 *Paige's R.* 585. 2d. To prevent the trouble and cost of circuity of action. *Tuttle vs. Beebee,* 8 *Johns.*

*R.* 156. *Columbia M. Co. vs. Black,* 18 *Johns. R.* 155.   3d. Surety's equity.   2 *Story's Eq. sec.* 1436.   18 *Ves.* 232.   *Dale vs. Cook,* 4 *Johns. Ch. R.* 15.

4th. The surety may set up same defence at law as equity, if the facts are the same.   2 *Swift's Dig.* 152.  *King vs. Baldwin & Fowler,* 2 *Johns. Ch. R.* 557.   *The People vs. Janeson,* 7 *Johns. R.* 332.

5th. The surety is entitled to any defence the principal could set up.   *The Phœnix Ins. Co. vs. Figuet,* 7 *Johns. R.* 384.

Ray, represented by Chappell, for the defendant in error.

*By the Court*—Warner, J. delivering the opinion.

This action was founded on a joint and several promissory note, made by Harrison as principal, and Sims as security.

[1.] On the trial of the cause, the defendant, Harrison, made a motion to reinstate a plea of set-off, filed by him at a former Term of the Court, (and which was ordered to be stricken out of the record,) by way of an amendment to his answer. The Court overruled the motion to amend, on the ground that the demand set forth in the defendant's plea, so offered as an amendment to his answer, could not be allowed as a set-off under the statute, for the reason that the demand offered to be set off, and the demand of the plaintiff, were not mutual. The suit was in the name of Henderson, against Harrison, as principal debtor, and Sims, as his security. The demand proposed to be set off was an open account in favor of Harrison, against the plaintiff, for mutual dealings between themselves. By the Judiciary Act of 1799, it is declared, that where the plaintiff shall be indebted to the defendant, on open account for dealings between themselves, *such defendant shall and may offer the same as a set-off, and on due proof, shall be allowed the same. Prince's Dig.* 425. The objection urged against the set-off is, that the demand of the plaintiff is a *joint* demand, and the debt offered to be set off is the *separate* demand of Harrison, against the plaintiff.   It is true, as a general rule, that a *separate* demand cannot be set off against a *joint* demand: but the plaintiff's demand here is *several* as well as *joint.* We must look to the original character of the contract; for the plaintiff, by pursuing his *remedy* against them as *joint* contractors, does not alter the original character of the contract itself. When we look at the

contract, we see it is the *separate* contract of Harrison with the plaintiff, secured by the joint security of Sims. Harrison being a *defendant, to whom the plaintiff is indebted on open account*, would seem to come within the letter of the statute, and we think within the reason and spirit of it, too.

The object of the statute was to prevent a *multiplicity* of suits, and, in our judgment, is a wise and beneficial statute, and ought to receive a liberal construction, so as to reach the equity of the parties when it can be done without a violation of any legal rule. 2 *Story Eq.* 664, *section* 1436. *Exparte Hanson*, 18*th Vesey*, 232. A difficulty was suggested against allowing the defendant's plea of set-off, under the statute, as to the verdict to be rendered by the jury. We think there can be no *practical* difficulty in that regard. If the plaintiff should be found to be indebted to Harrison, a larger sum than is due on the note, they will find a verdict for the defendant, Sims; and find a verdict in favor of the defendant, Harrison, for the balance which may be due him after extinguishing the amount due on the note, as provided by the statute. This being the *separate* debt of Harrison, as appears on the *face of the record*, secured by Sims as a *joint security*, the plaintiff cannot, in our judgment, by electing his remedy to sue them *jointly*, defeat the right of the principal debtor to plead his set-off under the statute; therefore, he ought to have been permitted to have amended his answer for that purpose.

Let the judgment of the Court below be reversed.