JOHN H. MILBURN *vs.* JOHN GUYTHER.—*December,* 1849.

To warrant a defendant in pleading a set off, or filing an account in bar to an action at law, his claim must be of such a nature that he can sue for and recover it by a suit in a court of law. Legal claims, only, can form subjects of set off, or be filed as accounts in bar, in such a court.

If three or more persons, not partners in trade, and not purchasing with partnership means, become the purchasers of a vessel, they are regarded in law as part owners thereof, and not as partners; they hold the vessel as tenants in common.

But it does not thence follow, that upon the termination of the joint ownership by their authorised act, or during its continuance, they can maintain actions at law against each other, either for the recovery of the vessel, or their respective proportions of the freight; or that if one part owner, by the consent and for the benefit of all the owners, sells the vessel and receives the proceeds, each of the other part owners can separately sue at law for his portion of the proceeds of sale.

The ordinary remedy of part-owners to obtain an adjustment of the ship's account among themselves, is a suit in equity. All the part owners should join as plaintiffs for the recovery of the freight, because all of them are partners with respect to the concerns of the ship.

If part owners give a joint authority to an agent to sell the entire ship, they cannot maintain separate actions against him for their respective shares of the money, though each may do so if they separately authorised the agent to sell their respective shares of the ship.

Joint debts cannot be set off against separate debts, nor separate debts against joint debts, either at law or in equity.

With respect to parties, as between whom the right of pleading set offs, or filing accounts in bar, is allowed, the same rule which applies to the statutes of 2 and 8, of *George the 2nd*, is applicable to the 7th section of the act of 1785, ch. 46.

In this case the plaintiff sued the defendant for a separate debt between them. HELD: that the defendant could not set off against this action a claim for his share of the proceeds of sale and freight of a ship of which the plaintiff and defendant, with others, were joint owners, and which was sold by the former with the joint consent of all, and for the benefit of all.

Appeal from *Saint Mary's* county court.

This was an action of *assumpsit*, instituted by the appellee against the appellant, on the 18th of August, 1845. The pleadings and facts of the case are fully stated in the opinion of this court.

The cause was argued before DORSEY, C. J., MAGRUDER and FRICK, J.

By PRATT, for the appellant, and
By THOS. S. ALEXANDER, for the appellee.

DORSEY, C. J.. delivered the opinion of this court.

The plaintiff below, in his declaration, sought to recover of the defendant, on the usual counts of general *indebitatus assumpsit*, money lent and advanced, and money had and received. The defendant pleaded *non assumpsit*, and filed two accounts in bar against the plaintiff: the one charging him with $300, due to him from the plaintiff, for the sixth part of the proceeds of sale of the schooner " *W. T. Savin*," sold in the year 1837, and the other charging him with $60.07, one-sixth part of the freight received as the earnings of the schooner. To these accounts in bar, the plaintiff replied *non assumpsit*, and limitations and issues were joined thereon. At the trial, the plaintiff having proved his claim for money had and re-received, the defendant, to support the issues joined on his part, offered to prove to the jury that, in the year 1837, the defendant and plaintiff, and a certain *Jas. C. Milbourn* and *George*

*Guyther*, united in the purchase of a vessel called the " *W. T. Savin*," and that in 1837, the said vessel was sold by the plaintiff, with the consent and for the benefit of all the part-owners, for $1,800, which was received by the plaintiff. The defendant further offered to prove, by a competent witness, that in 1845, before the institution of this suit, the plaintiff produced to the defendant the two papers marked A and B, now exhibited, purporting to show the amount of freights received by the plaintiff, on account of the " *W. T. Savin*," and the expenses incurred by him whilst running the said vessel as captain and agent of the several partners; said papers A and B being produced to the defendant for the purpose of settling with him his share of said freights. The court having refused to permit this testimony, or any part of it, to go to the jury, the defendant excepted, and the correctness of such refusal forms the subject for the determination of this court, upon the appeal now before it. As showing that the testimony offered established the issues joined on the part of the appellant, and that, therefore, he has been injured by the court's refusal to permit it to go to the jury, the appellant insists upon three points: 1st. " That by the sale of the vessel, and the receipt of the purchase money by the plaintiff, each owner became entitled to receive, individually of the plaintiff, his part of the money so received by him, and that the one-sixth of such amount, to which the defendant was entitled, should have been permitted by the court to be set off against the plaintiff's demand against him." The principle thus asserted by the appellant in the first part of this point, is abstractedly and literally true: " that by the sale of the vessel, and the receipt of the money by the plaintiff, each owner is entitled to *receive*, individually of the plaintiff, his part of the money so received by him." And with equal truth the same may be predicated of every equitable claim for money, recoverable only in a court of equity, which a defendant may have against a plaintiff. But to warrant a defendant in pleading a set off, or filing an account in bar to an action at law, he must not only be entitled to receive the amount due him from the plaintiff, but his claim must be of such a

nature that he can sue for and recover it by a suit in a court of law. Legal claims, only, can form subjects of set off, or be filed as accounts in bar in such a court. The inquiry thence naturally arises, is the claim now preferred by the appellant against the appellee such an one as is recoverable in a suit at law.

It is not denied, that, as has been urged in the argument, if three or more persons, not partners in trade, and not purchasing with partnership names, become the purchasers of a vessel, they are regarded in law as part owners thereof, and not as partners; that they hold the vessel as tenants in common. But it by no means thence follows, that upon the termination of the joint ownership, by their authorised act, or during its continuance, they can maintain actions at law against each other, either for the recovery of the vessel or their respective proportions of the freight received by the part owners in the employment of the vessel; or that if one of the part owners, by the consent of all, and for the benefit of all the owners, sells the vessel and receives the proceeds of sale, as in the case before us, that each of the other part owners can separately maintain an action at law for the proportion of the proceeds of sale which he was entitled to claim of the part owner by whom the sale was made. In *Collier on Partnership, sec.* 1220, it is stated, that "the ordinary remedy of part owners to obtain an adjustment of the ship's account among themselves, is a suit in a court of equity." In section 1230, (where numerous authorities are referred to as sustaining the position,) it is stated, that all the part owners of a ship should join as plaintiffs for the recovery of freight; and the reason assigned for it is, "that all of them are partners with respect to the concerns of the ship." "And even if part owners authorise their agent to sell the entire ship, they cannot, if they gave him a joint authority, maintain separate actions against the agent for their respective shares of the money received by him, on account of such sale, though each may maintain a separate action, if they separately authorised the agent to sell their respective shares." From the proof offered and rejected in this case, no such separate authority to

sell can be deduced. In section 1231, of *Collier on Partnership*, the general rule is asserted, that part owners of a ship cannot sue separately for their respective portions. If they must all unite in a case where the proceeds of the sale of a ship or the freight are in the hands of a third person, the necessity for such union is equally imperative in the case before this court. And as one of the necessary plaintiffs in the action cannot unite in suing himself, who must be the defendant, the remedy in the case is by a bill in equity, where all the part owners must be before the court, either as plaintiffs or defendants. It cannot be pretended that, upon the testimony offered, there was any such settlement of accounts, or balance struck between the part owners, or between the plaintiff and defendant in this appeal, as would warrant the jury in finding such an express or implied promise as would entitle the former to the set off he has claimed from the latter, as a separate debt between them.

The second point on which the appellant has urged a reversal of the county court's judgment, is, "that if the plaintiff's indebtedness to the defendant is to be considered as a joint debt due from the defendant and others, it should have been permitted, so far as it belonged to the defendant, to be set off against the individual debt of the defendant to the plaintiff." This point assumes what this court, in its remarks on the first point, has declared cannot be done, that the other three part owners can, at law, maintain a joint action against the appellee. But suppose this assumption were granted, can the principle of law, asserted in this second point, be then sustained? That it cannot, we entertain no doubt. In *England*, a joint debt cannot be set off against a separate one, nor a separate debt against a joint demand. If authorities be required for so familiar a principle, they may be found in the 6 *Law Lib.*, 16, and *Collier on Partnership*, 1234. In 3 *Mason*, 145, *Jackson vs. Robinson*, and 2 *Sumners C. C. R.*, 409, *Howe vs. Sheppard*, the broad doctrine is laid down, that "joint debts cannot be set off against separate debts, or separate debts against joint debts, either at law or in equity."

Milburn *vs.* Guyther.—1849.

The cases referred to by the counsel for the appellant, where courts of law exercising an equitable jurisdiction, and, consequently, modifying its favors or relief to the varying and peculiar circumstances of every particular case before them, are inapplicable to the general principles of pleading by which such courts are governed in the determination of questions arising on pleas of set off, and accounts in bar. Nor can the distinction, as applicable to this point, be sustained, which has been attempted to be taken between the act of 1785, and the statutes of *England,* in relation to set off. With respect to parties, as between whom the right of pleading set offs, or filing accounts in bar is allowed, the same rule which applies to the statutes of 2 and 8 of *George 2nd,* is applicable to the 7th section of the act of Assembly of *Maryland,* of 1785, ch. 46. The language of which section is, that "the defendant may file an account in bar, or plead discount of any claim *he* may have against the *plaintiff;*" not such as he and others may have against the plaintiff, or which he may have against one of several plaintiffs.

The third point of the appellant, which is, that "if the owners of the vessel are to be considered as partners, then it will be insisted, that the partnership terminated by the sale of the vessel, (the only partnership property,) and that the defendant's one-sixth of the proceeds of sale, and of the freights received by the plaintiff, should have been permitted to be set off against the plaintiff's claim," is sufficiently answered in what has been said upon the appellant's first and second points. The judgment of the county court is affirmed.

JUDGMENT AFFIRMED.