GREENBURY B. WILSON & Co., *vs.* JOHN A. KEEDY.—JOHN A. KEEDY, *vs.* GREENBURY B. WILSON & Co.—*December*, 1849.

A joint debt cannot be set off against a separate one, nor a separate debt against a joint demand.

In this case it was HELD: that a debt due by a partnership of which the plain-

tiff was a member to the defendant, could not be set off against the separate claim of the plaintiff.

Cross-appeals from *Baltimore* county court.

This was an action of *assumpsit* instituted by the appellant, *Keedy*, against the appellee, *Wilson*, trading under the style of *G. B. Wilson & Co.* The declaration contains the general *indebitatus assumpsit* counts, the common money counts, and a count upon an account stated. The plea was *non assumpsit*, upon which issue was joined. It was agreed that a set off mentioned below, might be offered in bar, as though formally pleaded, but the plaintiff, by this agreement, did not admit the truth of the plea, or the sufficiency of it, if proven.

At the trial, the plaintiff offered in evidence the following receipt, admitted to have been signed by the defendant and delivered to the plaintiff when he handed to the former the draft therein mentioned, for collection :

"Rec'd, *Balto.*, 8th August, 1843, *Messrs. S. & M. Tinsley & Co's* draft, in favor of *Mr. John A. Keedy*, in *New Orleans*, at ten days sight, for fifteen hundred dollars, for collection. G. B. WILSON & Co."

The further proof on the part of the plaintiff, was, that *Wilson* collected the draft and became indebted to *Keedy* for the amount, with abatement of $573.95, paid to *Keedy's* order by *Wilson*, and of commissions for collection of $26.25. Against this claim the defendant relies on a set off of $900 damages, for which he alleges the firm of *S. M. Tinsley & Co.*, of which the plaintiff, at the time was a partner, is liable, for violation of a contract of sale of flour, being the same demand for which the attachment in the preceding case was issued. The testimony in the attachment case was by agreement, considered a part of this.

Upon this testimony the plaintiff offered six prayers, the first of which, only, it is necessary to state, viz: "That the plaintiff is entitled to recover, if the jury believe that defendant collected the money in the receipt and draft mentioned, notwithstanding they should also find, that the defendant sustained

the damage mentioned in his claim of set off, and that plaintiff was a partner of the firm of *S. M. Tinsley & Co.*, when said contract was made, because the claim being against the plaintiff, and another, cannot be set off against the separate demand of the plaintiff;" which the court (LE GRAND, J.,) granted, and rejected all others. The plaintiff excepted to the refusal to grant his rejected prayers, and defendant excepted to the granting of the above prayer, and both parties appealed to this court. The propriety of granting the above prayer, being the only question decided on this appeal, it is not necessary to state the substance of the other prayers, or the testimony in the case.

The cause was argued before DORSEY, C. J., CHAMBERS, SPENCE, MAGRUDER, and FRICK, J.

By BUCHANAN and MAYER, for *Keedy*, the plaintiff, and By T. P. SCOTT, for defendant.

SPENCE, J., delivered the opinion of this court.

The only question to which our attention has been invited, and our judgment asked, in this case, arises on the decision of the county court on the plaintiff's first prayer. The decision of the Court of Appeals, at the present term, in the case of *Milburn vs. Guyther*, *ante* 92, is conclusive in this, for it decides "that a joint debt cannot be set off against a separate one, nor a separate debt against a joint demand." The judgment is affirmed.

JUDGMENT AFFIRMED.