GILLUM *v.* DENNIS.

If *A.* promises *B.* to do a particular thing for *B.*, in consideration of something to be done by *B.* upon the happening of a particular event, and such event may happen before the thing can be performed by *A.*, the undertakings of the parties are independent.

If *A.*, however, sues *B.* on his part of the contract, after the time fixed for the performance by *B.* of his part has elapsed, the case is in the same condition as if the undertakings had been dependent.

A full and faithful compliance with a contract is required by the rule that an agreement must be performed according to its terms as understood and assented to by the parties.

*A.* undertook, for a sufficient consideration, to keep four children of *B.*, for two years, and to board and clothe them. *Held*, that the parties must be presumed to have intended that the boarding and clothing, &c., were to be suitable to *A.*'s condition in life, and in accordance with the usages of the society in which he and his family moved.

ERROR to the *Clinton* Circuit Court.

DAVISON, J.—*Gillum* sued *Dennis* in assumpsit upon a contract in writing.

The declaration contains two counts. The first stat[es] the contract in accordance with its legal effect. The se-cond sets it out in *hæc verba*. The contract, after statin[g] the names of the parties, proceeds—That the abov[e] named *Jesse Dennis*, &c., does obligate himself, &c., t[o] give the said *Robert T. Gillum*, &c., all the produce he can raise on the place or tract of land owned by said *Dennis*,

HARVARD LAW SCHOOL LIBRARY.

&c., for the term of two years from date; also a roan horse and 25 dollars in money; and also one-fourth of all the profits, after all the expenses deducted out, of the expedition to *California* of the said *Jesse Dennis*. And the said *Robert T. Gillum*, &c., does obligate himself, &c., to keep the four children (naming them) of said *Dennis* for the term of two years from date, for the above-named consideration, &c., to board and clothe said children, ordinary wear and unavoidable accidents excepted.

The contract is dated *February* 13, 1849. This suit was instituted on the 30th of *August*, 1851. It is averred that *Dennis*, at the date of the contract, was desirous of proceeding to *California;* that after making it, he completed his contemplated expedition and realized therefrom large profits, after deducting expenses, &c.; that the plaintiff performed the contract on his part, &c. The breach assigned is the non-payment of the 25 dollars, and the refusal of *Dennis* to account for and pay over to the plaintiff the one-fourth of the profits of the expedition, &c.

Plea, non assumpsit. Verdict for the defendant. Motion for a new trial overruled, and judgment on the verdict.

The Court instructed the jury as follows: "'That the undertakings of the defendant in the agreement sued on are dependent, and not independent. That to entitle the plaintiff to recover, he must prove to the satisfaction of the jury his full and faithful performance of his part of the agreement. That by this agreement the plaintiff took upon himself the duties of a father to the children named in the agreement, and was bound to furnish them board, clothing, lodging, and everything else, and in every way take care of and provide for them in the same manner that a good father, having the means, would for his own children, without reference to the circumstances in life of either of the parties to the agreement."

Three objections are raised to this instruction:

1. Because it assumes that the undertakings of the parties are dependent.

2. Admitting that they were so, still it was not incum-

bent on the plaintiff to prove a full performance of his
contract.

3. Because an erroneous construction was placed on
the plaintiff's duties, &c.

The agreement stipulates that *Dennis* should at once deliver possession of the property and pay the 25 dollars. Upon the completion of his expedition to *California*, he was bound to pay over one-fourth of the profits, &c. The termination of that expedition was indefinite in point of time. It might have terminated before it was possible for *Gillum* to perform the agreement on his part. This shows that the undertakings were independent. Addison on Cont. 202.

But this view does not affect the instruction. The plaintiff failed to sue until the period within which he was to perform had expired. Hence, this case stands on the same ground on which it would have stood had the promises been dependent. 7 Blackf. 408.

As to the mode of performance, the rule is, "that an agreement must be performed according to its terms, as understood and assented to by the parties." Story on Cont. 404. A full and faithful compliance with a contract, comes within the rule just stated. In our opinion, the instruction, in that respect, was not erroneous.

The third objection is well taken. The language used by the Court relative to the duty imposed on the plaintiff, does not express the meaning of the contract. Without attaching any importance to the terms, "ordinary wear," &c., we think that boarding and clothing, &c., suitable to the defendant's condition in life, and in accordance with the usages of the society in which he and his family moved, was intended by the parties. The position assumed by the Court, that the plaintiff was bound to furnish board, &c., "without reference to the circumstances in life of either of the parties," cannot be sustained. Therefore, that branch of the instruction was erroneous, and the judgment must be reversed.

Nov. Term,
1853.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. F. Suit* and *R. Jones*, for the plaintiff.

*H. S. Lane* and *S. C. Willson*, for the defendant.