*B. Smith*, for the appellants.

---

### Morrison v. Gliddon.

If *A.* execute a bond to *B.*, conditioned for the conveyance of land on a day specified, but do not tender the conveyance until after the day has expired, or show some legal excuse for the omission, he can not afterward maintain an action at law upon a note given for the purchase-money, though before suit he had tendered the conveyance.

Under the former practice, a claim could not be pleaded as a set-off, unless the defendant could have maintained a suit upon it at law.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—This was an action of debt, commenced on the 31st of *May*, 1852, by *Gliddon* against *Morrison*, on a promissory note for the payment of 100 dollars. The note is dated *March* 23, 1850, and payable two years after date. Plea, that the plaintiff, at the commencement of the present suit, was indebted to the defendant 100 dollars, with interest from the 22d of *February*, 1845, by promissory note of that date, executed by the plaintiff, and payable to one *Jackson*, at two years, and by him on the 25th of *November*, 1850, assigned to the defendant; which sum and interest exceed the amount claimed by the plaintiff.

Replication, that the note set up in the plea was given by the plaintiff to said *Jackson* for a part of the purchase-money of lots nine, ten and eleven, in block one, in *Cam-*

Vol. VII.—36

*bridge City;* that when it was given, *Jackson* executed to the plaintiff a bond, conditioned that he would, on or before the 22d of *February*, 1848, make and deliver to the plaintiff a good and sufficient deed in fee for said real estate. Averment, that *Jackson* did not, on or before the said 22d of *February*, make or offer to make such deed. To this the defendant rejoined, that prior to this suit, *Jackson* tendered to the plaintiff a deed for the property named in the replication, and offered to deliver the same to him, if he would pay the balance of the purchase-money due for the above lots, including the note described in the plea; and the defendant brings the same deed into Court for the plaintiff, if he will pay, &c. Demurrer to the rejoinder sustained, and judgment for the plaintiff.

This suit was commenced and conducted under the old system of procedure. We are therefore led to inquire, whether, in accordance with that system, the rejoinder is a sufficient answer to the replication. No claim can be pleaded as a set-off, or filed in bar of an action at law, unless it is of such a nature that the defendant can sue for and recover it by a suit in a Court of law. *Milburn* v. *Guyther*, 8 Gill 92. It follows that the note offered in set-off is not an available defence, unless, at the commencement of this suit, it was a recoverable demand. The replication shows that the note was given for real estate, which *Jackson*, the payee, bound himself to convey within a specified period. True, the note was payable at least one year prior to the time stipulated for the conveyance; but it was not sued upon, and the time within which the deed was to have been made having expired, the case stands on the same ground on which it would have stood had the original contract made the delivery of a conveyance and the payment of the note simultaneous acts. 7 Blackf. 408. At law, time is of the essence of the contract. The day for the performance, in this case, was the 22d of *February*, 1848. If a deed was not tendered on that day, the defendant's remedy at law on the note was forfeited, and the plaintiff had a right to view the contract as rescinded. 7 Blackf. 227. These principles accord with the repeated

decisions of this Court, and when applied to the present case, it will at once be seen that the rejoinder is defective. It was not enough for the defendant to allege that a deed was tendered prior to the suit; but he should have averred the making or offer to make a deed on the 22d of *February*, 1848, or some legal matter of excuse for the failure. Having failed so to aver, his rejoinder must be adjudged insufficient.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. Rariden*, for the appellant.

*O. P. Morton* and *L. Develin*, for the appellee.