(Decided 29th June, 1880.)

EDWARD N. TYRRELL *vs.* JOHN P. TYRRELL and JOSEPH B. TYRRELL.

*Set off.*

A. conveyed certain land and personal property to B. and C. in consideration of which they agreed to pay him a fixed sum annually during his life. On a bill filed by A. against B. and C. to enforce the payment of said annuity, it was HELD:

That a separate debt due B. could not be allowed as a set off to the joint debt due by him and C. to A. ·

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court. The appeal is taken by the complainant from the decree of the Court below (YELLOTT, J.) dismissing his bill on the ground that the set-off claimed by John B. Tyrrell, one of the defendants, exceeded in amount, the amount claimed by the complainant.

The cause was submitted to BARTOL, C. J., GRASON, MILLER, ROBINSON and IRVING, J.

*D. G. McIntosh,* for the appellant.

*William S. Keech,* for the appellee, John P. Tyrrell.

ROBINSON, J., delivered the opinion of the Court.

In 1864, the appellant, Edwin N. Tyrrell, conveyed to his two sons, John P. and Joseph B. Tyrrell, all his real and personal estate, consisting of a small but well stocked farm; and in consideration thereof, the grantees agreed to pay to him one hundred and eighty dollars annually during his life.

The grantees took possession of the property, and paid to the grantor the annuity regularly until April, 1868, since which time no payments have been made on account of the same.

This bill is filed to enforce the payment of arrearages due on the annuity, and in default of payment for the sale of the land.

Against these arrearages of annuity, John P. Tyrrell, one of the obligors, files an account for necessaries furnished his mother, the wife of the complainant, and the question presented by this appeal, is whether he is entitled to claim this account as a set-off to the complainant's demand.

There is some proof in the record to show that the wife left her husband, the complainant, about twenty years ago, and that she was induced to do so in consequence of his harsh treatment to her, and that for the past eight or nine years, her son, John P. Tyrrell, has furnished her with board and clothing.

Whether the complainant is liable for necessaries thus furnished his wife, under the proof in this case, is a question not necessary to be decided here, for be that as it

Tyrrell *vs.* Tyrrell.

may, it is very clear that a debt due to John P. Tyrrell, one of the obligors, cannot be allowed as a set-off to a joint debt due by him and his brother, Joseph B. Tyrrell, to the complainant.

Set-off is a privilege conferred by statute, or if it existed at all at common law, it was limited to mutual and connected debts, and did not extend to debts unconnected with each other. *Balto. Ins. Comp'y vs. McFadon*, 4 *H. & J.*, 31.

It is in the nature of a cross claim, and is confined to mutual debts between the plaintiff and defendant.

In *Hall's Adm. vs. Creswell, et al.*, 12 *G. & J.*, 37, the Court said:

"The right of set-off is reciprocal, and mutual claims, and such as are in the same right, alone can be set-off.

And in *Milburn vs. Guyther*, 8 *Gill*, 92, and *Wilson & Co. vs. Keedy, &c.*, 8 *Gill*, 195, it was expressly decided, that a joint debt could not be set off against a separate, or a separate debt against a joint debt. See also *Scott vs. Scott*, 17 *Md.*, 78.

It is very clear, therefore, that a separate debt claimed to be due John P. Tyrrell, cannot be set off against a joint debt due by him and his brother.

For these reasons the decree below must be reversed, and the case remanded for further proceedings.

> *Decree reversed, and*
> *case remanded for*
> *further proceedings.*

(Decided 30th June, 1880.)