# MAX COHEN

*vs.*

# HARRY KARP ET AL.

*Set-Off—Joint and Separate Debts.*

To entitle the defendant to assert the defense of set-off, he must not only have a right to receive the amount due him from the plaintiff, but his claim must be such that he can sue for and recover it in a court of law.                                    p. 211

A joint debt cannot be set off against a separate debt, or a separate debt against a joint debt, but a separate debt may be set off against a joint and several debt, and conversely a demand that is joint and several may be set off against a separate demand.                                    p. 211

If a separate claim or demand of one of two or more defendants be set off against the plaintiff's joint and several claim, and such separate demand is shown to be in excess of plaintiff's claim, the verdict and judgment for the excess should be for the defendant whose separate claim is set off against the plaintiff's demand, and for him alone.                          pp. 211, 212

*Opinion filed October 26th, 1923.*

Appeal from the Court of Common Pleas of Baltimore City (DUFFY, J.).

Action by Max Cohen, surviving partner of Max Cohen and Philip Bernstein, co-partners, trading as Bernstein, Cohen & Company, against Harry Karp and Rebecca Karp. From a judgment for defendants under a plea of set-off, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Louis Mitnick* and *J. Louis Shochet*, with whom was *Jacob J. H. Mitnick* on the brief, for the appellant.

*Eldridge Hood Young*, with whom were *Young & Crothers* on the brief, for the appellees.

Pattison, J., delivered the opinion of the Court.

This is an appeal from a judgment recovered by the appellees, Harry Karp and Rebecca Karp, his wife, against the appellant, Max Cohen, surviving partner of Max Cohen and Philip Bernstein, co-partners, trading as Bernstein, Cohen & Company.

The appellees executed and delivered unto the payees a promissory note of which the following is a copy:

"$500.00                Baltimore, Md., April 9, 1919.
   "Four months after date we jointly and severally promise to pay to the order of Bernstein, Cohen & Co. five hundred and 00/100 dollars * * * at East Branch,. Bernstein, Cohen & Co., Bankers, for value received, with cost of collection or any attorney's fees, if incurred, in case payment shall not be made at maturity.
                    "X   H. Karp,
                    "X   R. Karp."

The above note was not paid at maturity and a suit was brought thereon by the appellant.

The declaration contained six common counts and one special count. The defendants filed the pleas of never indebted, and never promised, as alleged, and the further plea of set-off, which contained not only the common counts but a special count, in which it was alleged that the plaintiff, on or about the 15th day of May, 1919, paid to J. Castelberg and Sons out of the funds deposited with the said plaintiff by the defendant, H. Karp, the sum of eight hundred dollars, without his consent or authority, which sum is still owing by the plaintiff.

After successive pleadings, issues were joined and the case proceeded to trial, which resulted in a verdict for the defendants for $336, that sum being the excess of the set-off claim of the defendant, Harry Karp, over the claim of the plaintiff upon which the suit had been instituted.

A motion for a new trial was thereafter filed and granted. The grounds of the motion, however, are not disclosed by the record.

The case came up the second time for trial upon the pleadings as stated, and the jury again rendered a verdict for the defendants, Harry and Rebecca Karp, for the sum of $350.65, the same being the excess at that time of the claim of Harry Karp over that of the plaintiff.

A motion for a new trial and one in arrest of judgment were made, but both motions were overruled, and a judgment was entered for *both* defendants upon the verdict rendered.

In the trial of the case eighteen bills of exception were noted. Of these seventeen relate to evidence and one to prayers. In addition to the rulings on the evidence and the prayers, are the rulings of the court on a demurrer to the rejoinder and upon the motion in arrest of judgment, which are to be reviewed by this Court.

The sole defense in this case is that of set-off, which is unknown to the common law, and owes its origin altogether to statute. 1 *Poe, Pl. & Pr.,* sec. 613; *Annan* v. *Houck,* 4 Gill, 331; *State* v. *Balto. & O. R. R. Co.,* 34 Md. 344.

In the different states statutes have been passed in relation to the defense of set-off, and consequently we must look to the statutes of each state to ascertain the character and extent of such defense therein.

In this State the statutes (secs. 12 and 13, art. 75, as amended by the Act of 1914, chapter 293) provides that:

"Sec. 12. In any suit *ex contractu* or upon any judgment, if the defendant shall have any demand or claim arising *ex contractu,* or upon judgment against the plaintiff, the defendant may plead such claim es-

pecially, whether such claim of the defendant be for liquidated or unliquidated damages * * *."

"Sec. 13.   In every case where a special plea is filed as authorized by the preceding section, judgment for the excess of the one claim over the other, as each is proved, with costs of suit, shall be given in favor of the plaintiff or the defendant, according as such excess is found in favor of the one or other of the parties," etc.

The defense of set-off, technically, means a cross-claim, and is confined to mutual debts between the plaintiff and de-defendant.   The object of allowing it is to prevent circuity of action and to enable the parties to adjust in one suit claims which, at common law, could not be settled without two or more actions.   To entitle the defendant to make such a defense, he must not only have a right to receive the amount due him from the plaintiff, but his claim must be of such a nature that he can sue for and recover it in a court of law.   A joint debt cannot be set off against a separate debt, or a separate debt against a joint debt. *Milburn* v. *Guyther,* 8 Gill, 92; *Wilson* v. *Keedy,* 8 Gill, 195; *Tyrrell* v. *Tyrrell,* 54 Md. 167, and other cases.   A separate debt, however, may be set off against a joint and several debt. *Steele* v. *Sellman,* 79 Md. 1; *Waterman, Set-off,* secs. 231-2; *Harrison* v. *Henderson,* 4 Ga. 198.   And conversely a demand that is joint and several may be set off against a separate demand.   34 *Cyc.* page 731, and cases in note thereto.

In a proper case, if the demand or claim filed in bar be for a larger amount than the plaintiff's claim, judgment will be given for the defendant for the excess.   If, however, a separate claim or demand of one of two or more defendants be set off against the plaintiff's joint and several claim, and such separate demand is shown to be in excess of plaintiff's claim, the verdict and judgment for the excess should be for the defendant whose separate claim is set off against the plaintiff's demand and for him alone. *Harrison* v. *Henderson, supra.*

In the case before us, the verdict was for *both* defendants for the excess of Harry Karp's separate claim over plaintiff's joint and several demand, although it is clearly shown by the record that the defendant, Rebecca Karp, had no interest whatever in the claim set off against the plaintiff's demand. The set-off claim was the separate demand of the defendant, Harry Karp, and if it were found by the jury that it was in excess of the plaintiff's claim, their verdict therefor should not have been for both defendants but for Harry Karp alone. It was because the verdict for such excess was for *both* defendants that the motion in arrest of judgment was filed, and this motion in our opinion should have been granted and the judgment arrested.

No instructions were asked for by the defendants, but the plaintiff offered eleven prayers. Two of them, the first and second were granted, and the others were rejected; the third and fourth prayers were fully covered by the second, which was granted. The fifth and sixth prayers, relating to the alleged notice to the plaintiff not to pay the note given by Harry Karp to J. Castelberg & Son, were, upon the evidence. properly refused. The seventh prayer, ignoring the defense of set-off, was likewise properly refused, and upon the evidence offered we find no error in the rejection of the eighth and ninth prayers. The tenth prayer was not only a mere abstract proposition of law, but it was unnecessary in view of the plaintiff's first prayer, which was granted. The court also committed no error in the rejection of the eleventh prayer directing a verdict for the plaintiff on the plea of set-off; nor in its ruling upon the demurrer to the rejoinder.

The exceptions relating to the evidence have been carefully examined and considered by us, and we fail to discover in any of them any prejudicial or harmful error committed by the court in its rulings thereon. These exceptions were in most part taken to the ruling of the court in its refusal to admit certain evidence offered by the plaintiff. In a number of these exceptions the excluded evidence was thereafter ad-

mitted, and in many other exceptions the evidence excluded was not material or relevant to the issues and were beyond question properly excluded; and in none of the exceptions, including the three exceptions taken to the ruling of the court upon the admission of the evidence offered by the defendant, do we find any reversible error; but, as the lower court overruled the motion in arrest of judgment, which, as we have said, should have been granted and the judgment arrested, we, by the *per curiam* order heretofore passed, reversed the judgment appealed from and awarded a new trial, the appellees to pay the costs.