FIDELITY AND DEPOSIT COMPANY *vs.* EDWIN W. POE ET AL., RECEIVERS.

*Set-off—Mutuality of Claims—Reinsurance Contract.*

Defendant cannot claim as a set-off a credit which has been allowed him in a previous suit against him by the same plaintiff.                                        p. 503

To make a plea of set-off good the debts must be mutual and must be of the same kind and quality.            p. 506

The test of mutuality is that the set-off claim must be such a demand that the defendant, in his own name, or in the names of defendants sued, without bringing in the name of a stranger to the suit, may maintain an action of debt or *indebitatus assumpsit* on it, against the party, or all the parties suing, as the case may be, or the indebtedness for which the action is brought must be such that, if the plaintiff were sued by the defendant on the set-off claim, he could assert his cause of action as a set-off.            p. 508

In an action by receivers of a surety company against another surety company, on a claim arising out of dealings between such companies upon a contract entered into by them, *held* that defendant company could not, in view of the terms of the contract by which it had reinsured the risks of a third

company, set off a claim based on an asserted right of subrogation as regards a loss paid by defendant to such third company, the claim sought to be set off being properly in favor of such third company rather than defendant.          pp. 507, 508

*Decided March 20th, 1925.*

Appeal from the Superior Court of Baltimore City (STANTON, J.).

Action by Edwin W. Poe and others, receivers of the United Surety Company, against the Fidelity and Deposit Company of Maryland. From a judgment for plaintiffs, defendant appeals. Affirmed.

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and BOND, JJ.

*Washington Bowie,* with whom was *Francis K. Murray* and *Stephen W. Gambrill* on the brief, for the appellant.

*Robert W. Williams* and *J. Kemp Bartlett, Jr.,* with whom were *Janney, Ober, Slingluff & Williams,* and *Bartlett, Poe & Claggett,* on the brief, for the appellees.

PATTISON, J., delivered the opinion of the Court.

The suit in this case was brought by the receivers of the United Surety Company against the Fidelity and Deposit Company, the appellant, to recover the sum of $5,183.34 in the hands of the appellant belonging to the appellees, and about which there is no dispute, but to the recovery of which the appellant interposed two pleas of set-off, one, for the sum of $3,666.01 and the other for the sum of $1,417.98. The first of these amounts ($3,666.01) was allowed as a credit in a suit brought by the appellees against the appellant, which resulted in a verdict for the appellees. On appeal that judgment was reviewed and affirmed by this Court (ante, p. 479), and as the credit is composed of the same

items as the one there allowed, it, of course, will not again be allowed in this case.

The first set-off claim is thus eliminated from all further consideration, leaving only the second claim to be considered by us.

In the trial of the case below, both set-off claims were excluded by the court, sitting as a jury, and a verdict was rendered by it for the plaintiffs for the sum claimed by them with interest, and upon such verdict a judgment was thereafter entered.

The set-off claim of $1,417.98 is founded upon the following facts. On the 24th day of April, 1909, the American Bonding Company issued to the Dixie Fire Insurance Company, obligee, a fidelity bond in the penalty of $10,000, on behalf of L. S. McEnany, as general agent for the Dixie Fire Insurance Company. On the 2nd day of August, 1909, the United Surety Company and the American Bonding Company entered into an agreement of reinsurance covering this risk, the United Surety Company thereby agreeing to pay to the American Bonding Company one-third of any sum or sums which that company should become liable for under said bond. Some time before the 6th day of December, 1912, a claim was made on the American Bonding Company by the Dixie Fire Insurance Company under the McEnany bond, and on or about that date the American Bonding Company filed in the case of *Bowles et al. v. United Surety Company et al.,* in the Circuit Court of Baltimore City, a petition setting forth the execution of the McEnany bond by it, the reinsurance of the United Surety Company and the fact that claim had been made upon that bond; and praying that the receivers of the United Surety Company be ordered to retain in their hands a sum to pay their share of any loss. With its said petition the American Bonding Company filed a contingent claim for loss on the McEnany bond.

On the 27th day of June, 1913, the American Bonding Company entered into a reinsurance agreement with the Fidelity and Deposit Company, by which the Fidelity and

Deposit Company agreed to reinsure with the American
Bonding Company the risk already assumed and those to be
assumed by it in the execution of indemnity agreements,
undertakings, etc., and in this agreement are found the fol-
lowing provisions:

> "The Fidelity does hereby agree to pay the Ameri-
> can the full amount of the ultimate loss which the
> American shall pay after the close of business on the
> 31st day of May, 1913, under or by virtue of each of
> such indemnity agreements, undertakings, recogni-
> zances, bonds and obligations of suretyship generally
> burglary, robbery, and theft policies, and reinsurance
> agreements, as well as on account of costs, expenses,
> and attorneys' fees incurred by the American in in-
> vestigating, settling or resisting any claim made there-
> under, in defending or prosecuting any action, suit or
> other proceedings in connection therewith, or in ob-
> taining, or attempting to obtain, a release thereunder.

> "The term 'ultimate loss,' as herein used, shall be
> the net loss sustained by the American on any instru-
> ment hereby reinsured after realizing upon all in-
> demnity agreements, reinsurance agreements, applica-
> tions, collateral security of all kinds, rights of con-
> tribution from co-sureties, privileges, recourses and
> benefits which the American may hold, or to which it
> may be entitled, in connection with such instrument."

Though suit was brought by the Dixie Fire Insurance
Company against the American Bonding Company upon its
claim under the McEnany bond, it was finally adjusted by
them with the approval of the United Surety Company, and
on the 14th day of November, 1913, the American Bonding
Company paid to the Dixie Fire Insurance Company the
sum of $5,326.80, the amount of loss agreed upon. And on
November 19th, 1913, it rendered a statement to the Fidelity
and Deposit Company of losses paid during the week ending
November 15th, 1913, which included the sum so paid by it
to the Dixie Fire Insurance Company on the McEnany
bond, and on November 25th, 1913, the Fidelity and Deposit
Company paid the amount of said statement to the American

Bonding Company. Thereafter, on December 7th, 1913, the American Bonding Company filed in said case of *Bowles v. United Surety Company* its liquidated claim for said loss and as a result thereof the auditor allowed the American Bonding Company its claim against the United Surety Company of $1,722.47, being one-third of the entire loss, or the share of loss that was to be paid by the United Surety Company under its agreement of reinsurance. Later, on January 20th, 1922, a dividend of twenty per cent. upon the amount of claim so allowed, amounting to $354.49, was paid by the plaintiffs as receivers of the United Surety Company to the attorney of the American Bonding Company, and it in turn paid over said dividend to the Fidelity and Deposit Company, the defendant herein, leaving owing by the plaintiffs on account of the American Bonding Company's claim the net amount of $1,417.98, the credit asked for by the Fidelity and Deposit Company under its plea of set-off.

The sole question here for our consideration is, Could the defendant's claim of $1,417.98 be properly allowed under its plea of set-off to plaintiffs' claim?

The defence of set-off is limited to mutual debts. To make a plea of set-off good the debts must be mutual and must be of the same kind and quality. *Impervious Products Co. v. Gray,* 127 Md. 64; *Cohen v. Karp,* 143 Md. 208; 1 *Poe, Pl. & Pr.,* sec. 613. It is contended by the appellees, plaintiffs below, that the plea in this case is bad, as it violates this rule, that is to say, that the debts are not mutual and of the same kind and quality.

The plaintiffs' claim is a debt directly owing by the defendant to the plaintiffs, growing out of dealings between them upon a contract or agreement entered into by them, while the defendant's claim consists of a debt resulting from a contract made by the American Bonding Company with the plaintiffs, and whatever interest, if any, the defendant has therein, it has acquired by subrogation under its contract with the American Bonding Company. The defendant, by its reinsurance agreement with the American Bonding Com-

pany, agreed to pay to it the full amount of the *ultimate loss* which the American Bonding Company should be required to pay by virtue of its indemnity agreements, etc.

The term "ultimate loss" is defined by the agreement itself to be the net loss sustained by the American Bonding Company on any instrument reinsured by such agreement "after realizing upon all indemnity agreements, reinsurance agreements, applications, collateral securities of all kinds, rights of contributions from co-sureties, privileges, recourses and benefits which the American may hold or to which it may be entitled in connection with such instrument."

This agreement, it would seem, contemplates only the payment of such net loss as the American Bonding Company should sustain under the bond reinsured by the United Surety Company; which net loss would be the balance after deducting, from the amount it paid under that bond, all salvage which it might receive from McEnany and all dividends which it has or may receive from the receivers of the United Surety Company.

It was the intention of the parties as disclosed by said agreement that the American Bonding Company was to realize what it could from the sources stated in reduction of the losses under the indemnity agreements, and if suit or action was brought, it was to be brought by the American Bonding Company, or, as stated by the power contained in the agreement, by the Fidelity and Deposit Company in the name of the American Bonding Company. That this was the meaning of the contract between them, and that the United's share of the loss under the bond was still owing to the American Bonding Company, is shown by the fact that the American Bonding Company on the third day of December, 1913, filed in the case of *Bowles v. United Surety Company* its proof of loss, wherein its treasurer made oath that the United Surety Company was owing the American Bonding Company the amount mentioned and the payment thereafter of the dividend thereon to the American Bonding Com-

pany, all of which was done after the execution of the reinsurance agreement.

A suit to recover the United Surety Company's share of the losses under the McEnany bond could only have been brought by the American Bonding Company, or, under its said agreement, by the Fidelity and Deposit Company *in the name* of the American Bonding Company.

The test as to mutuality of claims, as stated in 24 *R. C. L.* 558, sec. 62, is that the set-off claim "must be such a demand as that the defendant in his own name, or in the names of defendants sued, without bringing in the name of a stranger to the suit, may maintain an action of debt or *indebitatus assumpsit* on it, against the party, or all the parties suing, as the case may be. Less than that is not mutuality," or "that the indebtedness for which the action is brought must be such that, if the plaintiff were sued by the defendant on the set-off claim, he can claim his cause of action in that suit as a set-off."

The defence in this case, we think, fails to meet either of these tests and, as the instructions asked for by the defendant were in conflict with the law as we have stated it, the court, we think, acted properly in rejecting its prayers, which rulings of the court constitute the only exceptions in this case. Therefore, as we find no errors in the ruling of the court below, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*