## PEOPLE'S BANK OF DENTON *v.* ANNIE E. TURNER
[No. 15, October Term, 1935.]

*Decided January 10th, 1936.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, and MITCHELL, JJ.

*J. De Weese Carter* and *T. Hughlett Henry,* for the appellant.

*Frederick W. C. Webb,* with whom were *William W. Travers, Edward T. Miller,* and *Woodcock, Webb, Bounds & Travers,* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the court.

The appellant bank, having a sum of money on deposit in its savings department in the names of "Annie E. Turner or Florence E. Thompson, or survivor," claimed a right to set off against its liability on the deposit a note of Florence E. Thompson's in a larger amount. The claim was not successfully maintained in a suit against the bank by Miss Turner, and rulings of the trial court considered unfavorable to it form the subject of this appeal.

Miss Turner, in the year 1927, withdrew money from a savings account she had in the Bank of Ridgely in the same county, received for it a draft to her order on the Union Trust Company of Baltimore, and gave the draft, indorsed by her, to her brother-in-law, A. W. Thompson, with instructions to deposit the amount in the savings department of the People's Bank of Denton, as it was actually deposited, to the credit of "Annie E. Turner or Florence E. Thompson, or survivor." Florence E. Thompson was Miss Turner's sister. Thompson, making the deposit, indorsed the draft himself, and he was given a pass-book. There was testimony on behalf of the bank that he declared the money to be his own, and that he subsequently made additional deposits on the account, and, bringing the pass-book, made withdrawals. On the other hand, there was testimony from which the jury could find as a fact that Miss Turner alone continued in sole ownership of the money, took and retained the pass-book, and made all deposits and all withdrawals except one

made for her by Mrs. Thompson, with the pass-book temporarily in her possession for that purpose.

In 1931, the People's Bank bought the assets and assumed the liabilities of the Bank of Ridgely, and the latter became a branch of the People's Bank. In that transaction the note of Mrs. Thompson's, given by her to the Bank of Ridgely, was taken over, and there was testimony that it was valued as an asset on the supposition that the People's Bank would have security in the right to set off money in the savings account in the two names. In 1934, Miss Turner attempted to withdraw the whole amount remaining on deposit, sending the pass-book and a check for it, but the bank refused payment on the ground that it had this lien or right to set off. Miss Turner's present suit for the full amount of the deposit followed.

The contentions of the bank on appeal all proceed from an assumption that the entry of the deposit, on its face, gave the bank a lien or right to set off against it the debt due from a single one of the two persons named. And in that the court is not able to agree. It is true that the entry rendered the deposit subject to withdrawal by either one. See Code, art. 11, sec. 76. And it served to designate those with whom and against whom the bank had the rights and obligations incidental to deposits. But it did not designate any separate interests in them, and mark the deposit as belonging to either one. Separate interests were left undetermined by it. Separation, for ascertainment of a right of set-off which the bank might have against either one, could be worked out only by external evidence. And the external evidence received fails to support a finding that Mrs. Thompson had a separate interest in the money, which would make it applicable to the payment of her debt. On the contrary, it tends to show that Miss Turner was the sole actual owner, as the jury found. Many past decisions of this court illustrate the possibility that under the same or similar entries deposits of money might represent funds of both persons, or of one not indebted. *Matthias v. Fowler,* 124 Md. 655, 93 A. 298; *Whalen v. Milholland,* 89 Md. 199, 43 A. 45.

The record does not disclose any rules or by-laws of the

bank controlling presentation of the pass-book for with-drawals, but the arguments in the case seem to assume that the pass-book was required, as usual. And if this be true, the bank's obligation was to pay out the money to that one of the two who came with the pass-book. *Mercantile Savings Bank v. Appler,* 151 Md. 571, 576, 135 A. 373. A set-off of Mrs. Thompson's debt could be had only by debarring all privileges and rights that might be secured to Miss Turner by the entry and by retention of the book. Instead of paying, as it contracted, to either who might come with the book, the bank would be selecting one payee of the two, in disregard of the interest of the other, and in disregard of the effect of possible retention of the book by that other. This it could not do. It had only such rights as were consistent with the entry and any interests in either person not determined by the entry. *United States v. Butterworth-Judson Corp.,* 267 U. S. 387, 395, 45 S. Ct. 338, 69 L. Ed. 672; *Darnall v. Hill,* 12 G. & J. 388, 397.

Whether an obligation to either of two persons in the alternative is to be classed as one to them jointly appears to be a question on which opinions have not agreed. It is a form which has rarely occurred except in negotiable instruments and entries of bank deposits. 1 *Williston, Contracts,* sec. 325; *Pothier, Obligations,* (Evans' Ed.), vol. i, 226 and vol. ii, Appendix XI. Prior to the enactment of section 8 (5) of the Uniform Negotiable Instruments Act, (Maryland Code, art. 13, sec. 27 (5)), notes or bills payable to either of two persons were held not negotiable because of uncertainty in the payee. *Story, Promissory Notes* (6th Ed.) sec. 33. But it was commonly held that there was a right in the payees to sue jointly. 1 *Williston, Contracts, supra; Brannan, Negotiable Instr. Law* (5th Ed.) 167; *Crawford, Negotiable Instr. Act* (4th Ed.) 30 and 31. Review of decisions, note, 50 *L. R. A.* (N. S.) 1097, etc. In the case now considered, the court is not concerned with any question of completion of a gift to one of the two persons, or with a right of survival in the fund. We have no concern with a question of joint tenancy and its incidents. The question is only

whether, during the lives of both persons named, the bank was limited in its rights by such interests as both might have under the deposit as it was made. And we find that it was. Whether ownership in the deposit under the entry was joint, or joint and several, in the two sisters, the debt of one could not affect the right of the other. *Cohen v. Karp,* 143 Md. 208, 211, 122 A. 524; *Fidelity & Deposit Co. v. Poe,* 147 Md. 502, 128 A. 465; 1 *Morse, Banks and Banking,* sec. 324.

A special plea filed on behalf of the bank alleged the entry of the deposit as described, and the taking over of Mrs. Thompson's note in reliance upon a right of set-off; and a demurrer to that plea was sustained. Upon the reasoning stated, these facts are insufficient to show a right of set-off, and there was no error in the ruling.

Exceptions taken by the bank were mostly to refusals of the trial court to require proof of knowledge in the bank as prerequisite to consideration of Miss Turner's contention that she had an interest to which Mrs. Thompson's note could not be applied. For lack of that preliminary proof, error is thought to exist in the admission of evidence offered by the plaintiff, Miss Turner, that the money originally deposited in the People's Bank belonged to her, that she held possession of the pass-book, that all withdrawals were made by her or for her, and that Mrs. Thompson never added to the deposit. On the same ground exception was taken to exclusion of evidence offered by the bank to prove lack of that knowledge on its part. And, again, on the ground of lack of proof of this preliminary knowledge in the bank, exception was taken to rulings on prayers of the parties for instructions to the jury excluding the knowledge as an essential to the plaintiff's recovery, granting prayers of the plaintiff that it be excluded, and rejecting prayers of the defendant that it be made so essential.

Miss Turner's evidence was relevant and necessary to the establishment of the rights she contended for, in opposition to the right of set-off. The bank's evidence that it had no knowledge of the extraneous facts tending to prove

Miss Turner's separate interest was, on the other hand, irrelevant, because the right, or absence of right, of set-off contended for depended entirely, as we find, upon the existence of facts extraneous to the entry of the deposit and the limited knowledge it afforded the bank, and the bank's knowledge was outside the ground of inquiry. For the same reason, the trial court's refusal, in its rulings on the prayers for instructions, to render a finding of this knowledge in the bank essential to recovery by Miss Turner, cannot be held erroneous. No reversible error in any other ruling has been found.

*Judgment affirmed, with costs.*

SLOAN, J., dissents.