## G. W. STANFORD v. WRIGHT & GREEN.

Decided January 13, 1906.

**1.—Quantum Meruit—Pleading—Evidence—Charge.**

It is error for the court by its charge to authorize a verdict upon quantum meruit when neither the pleading nor the evidence presents such issue.

**2.—Pleading—Evidence—Charge.**

Where the pleading alleged a contract to pay plaintiffs $100 per section for locating defendant upon school land, and the evidence showed that either this amount was to be paid in cash, or $75 in cash and the use of the land for a certain period, it was not error for the court to charge the jury to find for plaintiffs if they believed from the evidence that plaintiffs made a proposition to defendant to locate him upon school land at $75 per section, subject only to the condition that said land suited defendant, and plaintiffs performed their part of the contract, and said land did suit defendant and the same was awarded to him by the State.

Appeal from the County Court of Fisher County. Tried below before Hon. J. D. Barker.

*Woodruff & Hughes,* for appellant.—It is error for the court to charge the jury hypothetically upon a state of facts not pleaded by the plaintiff, and not in evidence, where such charge may, and most probably did, induce the jury to find according to such assumed hypothesis. The charge should always be limited by and correspond with the pleadings and evidence in the case. Yarborough v. Tate, 14 Texas, 483; Dodd v. Arnold, 28 Texas, 100; Texas & Pac. Ry. Co. v. Avery, 33 S. W. Rep., 705.

*Wright & Green,* for appellee.—When an express contract is sufficiently plead by the plaintiffs, as they understood it, and they then allege that, acting upon the faith and understanding of such contract, they performed service for the defendant reasonably worth the demand, and that such services were accepted and acted upon by the defendant, the pleading sufficiently alleges an implied contract. Schulz v. Schirmer, 49 S. W. Rep., 246; West v. Clerk, 28 Texas Civ. App., 1.

SPEER, ASSOCIATE JUSTICE.—The appellees, as plaintiffs below, filed suit against appellant to recover the sum of $200 alleged to be due them upon a contract for services rendered in locating defendant on, and securing awards to be made to him for, certain school lands in Andrews County, Texas. Upon a trial in the County Court, to which court the case had been appealed from the Justice's Court, there was a verdict and judgment in favor of plaintiffs for the amount sued for. The defendant Stanford has appealed.

Appellant's third assignment of error, complaining of the second paragraph of the court's charge, must be sustained. The charge reads: "But if you believe from the evidence that there was no express contract between plaintiffs and the defendant, but you should further find that plaintiffs did, at the special instance and request of the defendant, render such service for the defendant as to enable him to secure from

the State of Texas the awards of said four sections of land, then in such case you will find for the plaintiffs such sums of money as you find from the evidence such services were reasonably worth." The complaint is that this charge submitted an issue not raised by the pleadings or the evidence. We are inclined to the view that the pleadings do not make a case of *quantum meruit,* but in any event it is quite clear, we think, the evidence does not raise such issue. Appellees' testimony makes a case of an express contract to pay a specified sum for locating appellant upon public school land. Appellant's testimony, viewed in the light most favorable to the verdict, is to the effect that he made an express contract with appellees, and neither testifies to anything which would tend to show that appellant sought the services of appellees under such circumstances as to raise an implied promise to pay them the reasonable value therefor. Indeed, appellant's testimony goes to show that he did not understand that he was to pay appellees anything whatever, but that he, in common with appellee Wright and a number of other persons, was to go to Andrews and Gaines Counties, and there be located on public school lands through other agents, to whom they were to pay the fees for being located.

The fourth assignment of error is to the same effect as the third, and, for like reasons, will also be sustained.

The first assignment complains of the following charge: "You are further charged that a contract is incomplete as long as one of the parties has the right to accept or reject the proposition; but if you believe from the evidence that plaintiffs made a proposition to defendant to locate defendant upon State school land at $75 per section, subject only to the condition that said land suited defendant, and you further believe that defendant, acting upon such proposition, inspected said land, and that said land did suit defendant, and that defendant did secure awards of said land from the State of Texas, you will find for the plaintiffs." While the pleadings did declare upon a contract to pay $100 per section, yet the evidence indicates that this amount was to be paid either in cash, or the sum of $75 cash and "the use of the grass on the land," until a specified time. With this exception the charge seems to present the case fairly, as made by the pleadings and the evidence. It is true appellant testified that the land did not suit him, but over against this statement is the fact that he actually settled upon the land and obtained awards for the same. Under this state of the evidence it was proper to submit to the jury whether or not the land suited him, this being, under all the evidence, the sole condition of his promise to pay.

For the error of the court in submitting the issue of appellee's right to recover upon a *quantum meruit,* the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*