## J. T. HALL v. R. H. PARRY.

### Decided April 1, 1909.

**1.—Contract—Building Plans—Agreed Price.**

Evidence considered and held insufficient to support a submission of plaintiff's right to recover for an agreed price for furnishing building plans to defendant.

**2.—Same—Verdict.**

The submission of the issue of liability for an agreed price for furnishing building plans, in the absence of evidence of an undertaking to pay a fixed sum, was not made harmless error by the fact that there was proof of an agreement to pay a percentage of the cost of the building and that this was greater than the agreed price submitted, where the evidence as to cost was conflicting and the verdict obviously based on finding an agreement for the fixed sum.

**3.—Evidence—Contract.**

On the issue as to whether a certain contract was made by defendant, evidence of his financial ability to carry out such undertaking was inadmissible.

**4.—Same—Pleading.**

Plaintiff cannot be impeached by contradicting his evidence on immaterial matters, though pleaded by him without exception and proved without objection made.

**5.—Contract—Novation—Estoppel—Pleading.**

The acceptance by defendant of architect's plans for a building to cost more than contemplated by the original agreement could be proved in support of an allegation that he agreed to pay for such plans. It was a novation, and not an estoppel against disputing plaintiff's performance which would require special pleading.

**6.—Attachment—Non-resident.**

Attachment may issue against the property of a non-resident of the State, though the petition shows that he is temporarily within the jurisdiction where personal service of citation may be had.

**7.—Attachment—Certainty of Amount.**

An attachment will lie on a debt by contract where the demand shown by the affidavit arises on contract and is for actual damages capable of estimation by the usual means of evidence and not resting wholly or in part on the discretion of the jury.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*Gross & Allen,* for appellant.—It is error for the court to charge upon an issue not made by the evidence. Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Altgelt v. Brister, 57 Texas, 436; Adamson v. Shiel, 18 S. W., 464; Moore v. Boothe, 39 Texas Civ. App., 339; Wood v. Texas Produce Co., 88 S. W., 499; Stanford v. Wright, 41 Texas Civ. App., 346; Antone v. Miles, 47 Texas Civ. App., 289.

An erroneous charge is presumed to have operated to the injury of the party against whom given unless the contrary appears from the record. Emerson v. Mills, 83 Texas, 388; San Antonio & A. P. Ry. v. Weigers, 22 Texas Civ. App., 344; Texas, B. & H. Ry. v. Warner, 88 Texas, 647.

A witness can not be impeached by contradicting him upon irrelevant or immaterial matter. Dimmitt v. Robbins, 12 S. W., 94, 74 Texas, 441; Texas & P. Ry. Co. v. Phillips, 42 S. W., 852; 1 Greenleaf on Evidence, 449.

Estoppel to be relied on must be specially pleaded, and it is error for the court to charge upon such an issue not raised by the pleading. Howe v. O'Brien, 45 S. W., 813; Mutual B. L. Ins. Co. v. Bank, 43 S. W., 831, 17 Texas Civ. App., 477; Adams v. Bateman, 29 S. W., 1128; Banking Co. v. Hutchins, 53 Texas, 68; Scarbrough v. Alcorn, 74 Texas, 358; 1 Am. & Eng. Ency. of Law, 570, and notes.

If plaintiff failed to comply with his contract in the preparation of the plans he is not entitled to recover. If he drew plans for a building to cost in excess of the amount stipulated, then he is not entitled to compensation. Smith v. Dickey, 74 Texas, 61; Emmerson v. Krezell, 62 S. W., 551; 6 Cyc., 31, 32.

Where the petition alleges that the defendant is a transient person temporarily staying in the county where suit is brought, and the court thereby acquires jurisdiction over the person of defendant, an attachment will not lie on the ground that defendant is a nonresident of the State. Rev. Stats., art. 1194, sec. 2.

Attachment will not lie where the claim is for an uncertain amount which can not be ascertained without extraneous proof and conjecture on the part of the jury. Hockstader v. Sam, 73 Texas, 315; El Paso Nat'l Bank v. Fuchs, 34 S. W., 206, 89 Texas, 197; Joiner v. Perkins, 59 Texas, 300; Sanger v. Texas Gin Co., 47 S. W., 740; Cox v. Reinhardt, 41 Texas, 593; Willis v. Mooring, 63 Texas, 340.

*Stevenson & Ritchie,* for appellee.—Even if evidence as to defendant's ability to build the hotel would have been irrelevant in the first instance, yet having himself raised the issue in his pleadings and in his evidence, appellant can not complain that the court permitted appellee to offer evidence as to appellant's own statements in rebuttal and to discredit his statements upon that issue upon the witness stand. 1 Elliott on Evidence, sec. 190; 11 Ency. of Evidence, 212; St. Louis, etc., Ry. Co. v. George, 85 Texas, 150; Hoxie v. Silliman, 29 S. W., 91.

The indebtedness claimed in the petition was sufficiently certain to support an attachment, and the court did not err in overruling motion to quash. Hockstader v. Sam, 73 Texas, 315; Stiff v. Fisher, 2 Texas Civ. App., 346; Waples-Platter Co. v. Basham, 9 Texas Civ. App., 638.

WILLSON, CHIEF JUSTICE.—The action was by appellee. In his amended petition he alleged that appellant had employed him as an architect to prepare plans and specifications for a stone and concrete building to be erected by appellant, and had agreed to pay him $1,000 for same. He then alleged performance on his part of the contract, and a refusal on the part of appellant to pay the $1,000. In another count in his said petition appellee alleged that he prepared the plans, etc., at appellant's special instance and request, that they were reasonably worth $1,000, and that appellant had refused to pay for them,

On the ground that appellant was a nonresident of the State, appellee had a writ of attachment issued. The writ was levied upon a tract of land .belonging to appellant. The appeal is prosecuted from a judgment in appellee's favor for said sum of $1,000, and foreclosing the lien of the attachment on the land.

The court instructed the jury to find for appellee and to assess his damages at $1,000 if they believed from the evidence that he had made and furnished the plans, etc., and further believed that appellant had agreed and promised to pay him $1,000 for them. Appellant insists that there was no evidence of an undertaking on his part to pay $1,000 for the plans, etc., and that the instruction, therefore, was erroneous. On the trial appellee testified as follows: "From the first time that Mr. Hall came into my office until the delivery of the plans, etc., at Shreveport, it was fully understood, and I had told Mr. Hall that my charges for the work of making the plans complete would be on the basis of three and a half percent of the estimated valuation of the building to be erected, and an additional one and a half percent on the value, if I superintended the work of construction, and Hall agreed to these charges. . . . My charge for the services rendered was based on an estimated cost for the building of $30,000. In the frequent talks and conferences with Mr. Hall, we had an estimated value of the building construction of from $30,000 to $34,000, and my charge was finally placed at $1,000." Appellee insists that the testimony just recited raised the issue submitted by the instruction complained of. But we do not think it sufficient to support a finding that appellant had agreed to pay $1,000 for the plans, etc. It may be inferred that appellee meant that at the conclusion and as a result of the frequent talks and conferences he referred to, his "charge" was finally placed at $1,000, but we do not think it should be further inferred that he meant when it was so placed appellant agreed and undertook to pay it. That such was his meaning was not consistent with other portions of his testimony following that we have quoted. "In the case of Mr. Hall," he testified, "as in all other cases, the charge of three and a half percent on the estimated value was payable unconditionally. . . . It was understood between Mr. Hall and myself that I was to furnish him the plans as heretofore mentioned at the standard compensation for the work. . . . There was very little said between myself and Mr. Hall as to what I would charge him for the work. He asked me what I would charge him, and I told him and explained the system of charges we have and which I always follow." The "standard compensation" and "system of charges" appellee referred to was stated by him to be three and one-half percent of the estimated value of the building, for preparing the plans and specifications therefor, and one and one-half percent for superintending the construction thereof. Considered together, we think the issue made by appellee's testimony was not whether appellant had contracted to pay him $1,000 for the plans, etc., but whether he had contracted to pay him therefor three and one-half percent on the estimated cost of the building or not. Therefore, we think the instruction complained of was erroneous. Appellee insists, however, that if the instruction was erroneous it was so in favor of appellant, and that he should not

be heard to complain of it. The contention is based on appellee's testimony to the effect that the building was to cost not less than $30,000, three and one-half percent of which would be $1,050. But to sustain the contention on such a ground would be to ignore the testimony of appellant that the building was to cost not exceeding $18,000, three and one-half percent of which sum would be $630, or $370 less than the amount found by the jury. The finding of the jury reasonably can not be referred to the evidence tending to establish a contract to pay for the plans, etc., on a percentage basis, because an issue as to such a contract was not submitted to them by the court's charge. Fairly, it can not be referred to an undertaking implied on the part of appellant to pay the reasonable value of the plans, etc., because, while there may have been testimony in the case from which the jury might have concluded that the reasonable value of the plans, etc., was a sum either greater or less than $1,000, there was no testimony from which they could have concluded that it was no greater and no less than $1,000 as found by them. It is clear, we think, that the verdict of the jury must be referred to the issue erroneously submitted to them, and therefore that it should not be held that the instruction complained of was harmless. Stanford v. Wright, 92 S. W., 269; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Altgelt v. Brister, 57 Texas, 436; Adamson v. Shiel, 18 S. W., 464; Moore v. Booth, 39 Texas Civ. App., 339; Wood v. Texas Produce Co., 88 S. W., 499.

Over appellant's objection on the grounds that it was irrelevant, immaterial and calculated to prejudice the minds of the jury against him, the court permitted the witness Moseley to testify that appellant represented to him that he was worth about $100,000, owned lumber enough to build a city like Mineral Wells, and was there for the purpose of purchasing a site upon which to construct "a thirty or forty-thousand-dollar hotel." And over appellant's objection on like grounds the court permitted appellee on his cross-examination of appellant, testifying as a witness, to prove by him that he might have told Moseley that he "had timber enough in Louisiana to build a town like Mineral Wells, if it was cut up." In his pleadings appellant had alleged that by the terms of the agreement between appellee and himself he was to buy a building site from Highsmith, when appellee was to prepare the plans, etc., and negotiate a loan for him (appellant) of money sufficient to pay for the construction of an hotel upon the site. He further alleged that it was understood between them that in the event a loan for the purpose of building the hotel was not secured, appellee was not to be entitled to demand or receive anything on account of the plans, etc., to be prepared by him. Appellant further alleged that he had so stated to appellee, and that appellee knew he could not purchase the site and construct the hotel unless such a loan was secured. On his direct examination he had testified that he did not at the time of the transactions between himself and appellee have money enough to buy the lot and build the hotel, and that appellee knew it. The testimony objected to should not have been admitted as evidence. Appellant's financial condition was not an issue in the case. The questions made by the pleadings were: (1) Did appellant become bound to pay appellee any sum of money on account of the plans, etc.?

(2) If he did, what sum? In determining these questions, whether he was worth one dollar or one hundred thousand dollars was of no importance. He might have entered into the contract as claimed by appellee, notwithstanding he was worth only one dollar. He might have declined to enter into it had he been worth a hundred thousand dollars. Appellee insists, however, that if the evidence was inadmissible, appellant should not be heard to complain of it in the face of the allegation in his pleadings to which we have referred, to wit, that appellee knew he could not buy the lot and construct the hotel unless the loan was secured; and on account of his testimony on his direct examination as a witness, to which we have also referred, to wit, that he did not have enough money with which to buy the lot and build the hotel. The allegation in the answer referred to, to the effect that appellant was not, and that appellee knew he was not, able to construct the proposed hotel unless the loan was secured, was an immaterial one. It did not present a reason why appellee should not recover against him as prayed for. It doubtless would have been stricken from the answer had it been excepted to. The allegation was not rendered material because, in the absence of objection thereto, testimony tending to establish its truth was admitted as evidence. Nor, on the other hand, was the testimony of appellant referred to rendered material by reason of the fact that appellee had failed to except to and have stricken out the allegation in the answer which it tended to support. In so far, therefore, as the testimony of the witness Moseley was admitted for the purpose of impeaching appellant, relating as it did to an immaterial matter, it was error to admit it as evidence. Texas & P. Ry. Co. v. Phillips, 42 S. W., 852. In so far as the testimony objected to was for any other purpose, it clearly was irrelevant, and we do not think it was rendered admissible because other irrelevant testimony without objection thereto had been admitted.

The court instructed the jury: "If you believe from the evidence in the case that the defendant employed the plaintiff to draw plans and specifications for an hotel to cost not exceeding $18,000, and you further believe from the evidence that plaintiff furnished the plans and specifications of an hotel building which would cost more than $18,000, and would cost $30,000 or more, then you are charged that the plaintiff can not recover in this case, unless defendant accepted the plans drawn, and this with knowledge of the excess in cost to erect the building." The objection urged to the instruction is that it was upon an issue not made by the pleadings and the evidence. As we understand appellant, his contention is that the instruction should not have been qualified by the language "unless defendant accepted the plans as drawn, and this with knowledge of the excess in cost to erect said building," because it bound him by matter in estoppel which had not been pleaded. We do not think the qualification objected to should be regarded as submitting an estoppel as against appellant to deny liability if he had accepted the plans with knowledge that they were of a building to cost in excess of the sum contemplated when the contract was entered into. If the contract as originally made was for plans of a building to cost not exceeding $18,000, as claimed by appellant, the effect of appellant's accepting plans tendered to him by

appellee, knowing they were of a building to cost in excess of $18,000, it seems to us, would be to change the terms of the contract in that particular, and render him liable on the contract as so changed. We can not say that the contract as so changed is not the one declared upon in the petition. If it was, then the court did not err in instructing the jury as complained of, and did not err in refusing to instruct them as requested by appellant in special charges asked.

Appellant complains of the action of the court in overruling his motion to quash the attachment. The grounds stated in the motion were: (1) That neither the affidavit for the attachment nor appellee's petition "shows that defendant has any effects within the State of Texas and the affidavit and petition state inconsistent facts as to the residence of defendant;" and (2) that the amount sued for was "uncertain and incapable of being arrived at except by conjecture on part of jury."

With reference to the ground first mentioned it may be stated that in his petition appellee alleged that appellant "is a nonresident of the State of Texas, but is a transient person, now temporarily staying in Palo Pinto County, Texas;" and that in his affidavit for the attachment appellee averred that appellant was "not a resident of the State of Texas." The allegation in the petition showing that the court to which the suit was brought might by service of a citation in the ordinary way have acquired jurisdiction to render a personal judgment against appellant, he contends that the fact that he may have been a nonresident of the State did not authorize the suing out of the attachment. We think the contention should be overruled. The question presented is not as to the effect of a showing by proper pleading and proof that the affidavit was false, because appellant was not in fact a nonresident of the State within the meaning of the statute, but is as to the effect of supposed contradictory averments in the affidavit and petition. The statute in terms authorizes the issuance of an attachment when the plaintiff makes an affidavit that the defendant "is not a resident of the State." Sayles' Stats., article 186, subdivision 2. When such an affidavit is made we do not think the fact that it appears from other averments in the pleadings that the defendant is temporarily in the State is a sufficient reason for quashing the proceedings. The averment in the affidavit that appellant was a nonresident of the State was not inconsistent with the allegation in the petition that he was temporarily staying in the State. A person may be a nonresident of the State within the meaning of the statute, and at the same time be within its boundaries. 3 Amer. & Eng. Ency. Law, 2d ed., 199; Greene v. Beckwith, 38 Mo., 384; Hickson v. Brown, 92 Ga., 225, 17 S. E., 1035; Wallace & Sons v. Castle, 68 N. Y., 370.

With reference to the other ground urged as a reason why the attachment should be quashed, it may be stated that while appellee in his original petition did not allege an undertaking on appellant's part to pay him a specific sum for the plans, etc., but only their reasonable value, in his affidavit to said petition he swore that appellant was indebted to him in a specific sum, to wit, $1,050. Even if the allegations of the petition alone should be looked to in determining the

contention made, we think it should be overruled. Stiff v. Fisher, 2 Texas Civ. App., 346, 21 S. W., 292; Waples-Platter Grocery Co. v. Basham, 9 Texas Civ. App., 638, 29 S. W., 1118; Evans v. Breneman, 46 S. W., 80; McKay v. Elder, 92 S. W., 268; Hochstadler v. Sam, 73 Texas, 315, 11 S. W., 408; 3 Am. & Eng. Ency. Law, 2d ed., p. 189. The authorities cited establish in effect that where the recovery is sought on a contract either express or implied, and the "damages claimed are actual and capable of estimation by the usual means of evidence, and not resting wholly or in part in the discretion of the jury," an attachment may be sued out. Hochstadler v. Sam, 73 Texas, 315, 11 S. W., 409. Appellant's demand as set out in his original petition was for a sum alleged to be due on a contract, and the damages claimed were "actual and capable of estimation by the usual means of evidence," and did not rest "wholly or in part in the discretion of the jury." In Stiff v. Fisher, supra, the action was to recover a sum of money paid on a contract for the purchase of certain cattle and also to recover, as damages on account of the defendant's failure to deliver the cattle as agreed upon, the difference between the market value and the contract price thereof. The defendant's motion to quash the attachment issued against his property to enforce the plaintiff's demand, on the ground that it was unliquidated, was overruled. On appeal the refusal to quash the attachment proceedings was held not to be error. After quoting from the opinion in Fisher v. Consequa, 2 Wash. C. C., 384, the statement of Mr. Justice Washington "that the uncertainty of the sum due does not, in the common understanding of mankind," render a sum due by an express contract any less a debt, the court in the Stiff-Fisher case said: "It is true in that case," referring to Fisher v. Consequa, supra, "there was an express promise to pay this difference while, in the case here submitted, there was but an implied promise to pay the difference between the contract price and the market value at the time and place of delivery. In some of the cases, however, cited by Mr. Drake (Drake, Attachm., sections 12-23), there was no express promise. We are of the opinion that the words 'debt' and 'demand,' as used in our attachment statute, should not be so restricted in their meaning and scope as appellants contend, and that no error was committed in overruling the motion to quash the attachment. While a strict compliance on the part of the attaching creditor with the statute has been steadily enforced in this State, it seems to us that, in construing the meaning of the law itself, to adopt an illiberal rule is to disregard the expressed will of the Legislature. Rev. Stats., final title, section 3." We do not think the allegation in the original petition, in connection with the prayer for the attachment, that appellee's debt, interest and costs "will amount to the sum of $1,000," furnished a reason why the attachment should be quashed. It appeared from specific allegations in other portions of the original petition and from the affidavit attached to same, that appellee was claiming a right to recover $1,000 as the value of the plans, etc. From the whole petition, notwithstanding the element of uncertainty introduced by the confusing, if not contradictory, averment in connection with the prayer referred to, we think it reasonably appears that the

intention of the pleader was not to abandon the claim asserted for $1,000 as the value of the plans, etc.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*