### WISE & JACKSON et al. v. NOTT.
### (No. 2671.)

(Court of Civil Appeals of Texas. Amarillo. April 28, 1926.)

**I. Partnership ⬟208(4)—Where original case was against partnership, affidavit in garnishment which did not state initials of one partner held sufficient on motion to quash.**

Where original case was against partnership, affidavit in garnishment which did not state initials of one partner *held* sufficient on motion to quash, since it sufficiently identified original case, and statute does not require names of defendants to be stated.

**2. Garnishment ⬟89.**

Bond for garnishment *held* sufficient on motion to quash, where it identified original cause of action by number and otherwise.

**3. Garnishment ⬟4.**

Claim for rent which arose out of implied contract *held* to support garnishment proceeding as against objection that it was unliquidated.

**4. Garnishment ⬟4—Test of whether claim is liquidated so as to support garnishment proceeding is whether it is capable of definite ascertainment at time of action.**

Test of whether claim is liquidated so as to support garnishment proceeding is whether it is capable of definite ascertainment at time of action.

---

⬟For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Garnishment ⊂⟹199—No judgment awarding execution against garnishee should be rendered after filing of replevy bond.**

No judgment awarding execution against garnishee should be rendered after filing of replevy bond, since bond takes place of debt garnished.

**6. Garnishment ⊂⟹199—By executing and delivering replevy bond, and making themselves parties to garnishment proceeding, principal and sureties on bond waived all defects in proceeding which did not go to question of jurisdiction.**

By executing and delivering replevy bond, and making themselves parties to garnishment proceeding, principal and sureties on bond waived all defects in proceeding which did not go to question of jurisdiction.

Appeal from Wichita County Court; C. M. McFarland, Judge.

Action by F. M. Nott against Wise & Jackson, a partnership, with the Humble Oil & Refining Company as garnishee. Judgment for plaintiff against the garnishee, and defendants, as principals, and R.' E. Fisher and another, as sureties on their replevy bond, appeal. Affirmed.

Jos. H. Aynesworth, of Wichita Falls, for appellants.

Harris & Martin, of Wichita Falls, for appellee.

HALL, C. J. The appellee sued Wise & Jackson, a partnership alleged to be composed of W. A. Wise, ——— Jackson, and C. C. Peters, for $600 rent claimed to be due him for a lot in Burkburnett. Based upon that action, he sued out a writ of garnishment against the Humble Oil & Refining Company. The appellee in this case recovered a judgment in the principal action against the firm of Wise & Jackson, which has this day been affirmed by this court.

The Humble Oil & Refining Company answered in this case, and Wise & Jackson moved the court to quash the affidavit, bond, and writ of garnishment upon grounds hereinafter discussed. The motion to quash was overruled, and a trial upon the merits resulted in a judgment in favor of Nott against the Humble Oil & Refining Company in the sum of $360, with interest from March 11, 1923, at 6 per cent., and costs amounting to $16.85. Judgment was also rendered against Wise & Jackson as principals and R. E. Fisher and J. H. Aynesworth as sureties upon their replevy bond.

[1, 2] The first contention urged by the appellants is that the court erred in not quashing the affidavit and bond for garnishment, for the reason that the affidavit does not state the initials of the defendant Jackson nor otherwise identify him. The affidavit sufficiently identifies the original case without stating the initials of Jackson, and, since the statute does not expressly require that the names of the defendants shall be stated in the affidavit, we think it is sufficient. Dickinson v. First State Bank of Blackwell (Tex. Civ. App.) 185 S. W. 674. The bond for garnishment which was appended to the affidavit, both being filed at the same time, is sufficient, since it, whether considered separately or apart from the affidavit, identifies the original cause of action by number and otherwise. This contention is without merit.

[3] It is further contended by appellants that Nott's claim is unliquidated, and is of such a character as will not support a garnishment proceeding. We cannot assent to this proposition. This is not an action for damages growing out of a tort. Plaintiff's claim in the original suit arises out of an implied contract.

"From its very origin, garnishment has most often been authorized in personal actions founded on contract, express or implied." 28 C. J. 28, 29, § 21.

[4] "Sometimes it is specifically required that, in order to support garnishment, the claim must be liquidated. Sometimes the equivalent of such requirement is found in other statutory terminology as construed by the courts. The test of liquidation has been held to lie in whether the demand of itself is capable of definite ascertainment at the time of the action. Generally, technical liquidation is not required, it being held that it is sufficient if the rule for the assessment of damages is stated, or if the amount of the claim is capable of definite averment. A sanction of garnishment in actions for damages founded on contract has been held to authorize the remedy in actions upon contracts for certain or stated amounts, and the same has been held under a sanction of garnishment upon debts, claims and demands generally." Id. 29, 30, § 23.

There is no uncertainty as to the rule governing the amount of Nott's recovery in this case. The uncertainty, if any, arises upon only the rental value of the lot. The cases cited by appellant have to do with the debt due from the garnishee to the defendant in the principal action, and have no application here. The test prescribed, quoted above from Corpus Juris has been adopted in this state. Stiff et al. v. Fisher, 2 Tex. Civ. App. 346, 21 S. W. 291; Evans et al. v. Breneman (Tex. Civ. App.) 46 S. W. 80; McKay v. Elder (Tex. Civ. App.) 92 S. W. 268; Hall v. Parry (Tex. Civ. App.) 118 S. W. 561.

[5] After the writ of garnishment was served in this case, Wise & Jackson filed a replevy bond, as required by the statute, and received the impounded fund from the hands of the garnishee. Judgment was entered against the garnishee, and also against the appellants and the sureties upon the replevy bond. The judgment does not award execu-

---

⊂⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion against the garnishee. This is in accordance with the statute and the recognized procedure in this state. Plowman v. Easton, 15 Tex. Civ. App. 304, 39 S. W. 171; Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30; Tinsley v. Ardrey, 26 Tex. Civ. App. 561, 64 S. W. 805.

[6] Upon filing the bond, the garnishee became a nominal party only. The bond takes the place of the debt garnished, and no judgment awarding execution against the garnishee should be rendered. Griswold v. Tarbell et al. (Tex. Civ. App.) 242 S. W. 324. By executing and delivering the bond, and making themselves parties in the garnishment proceeding, the principal and sureties upon the bond waived all defects in the proceeding, which did not go to the question of jurisdiction. Griswold v. Tarbell, supra, and authorities cited. 28 C. J. 365, 366, § 582.

The judgment is affirmed.