## BIG FOUR SHOE STORES CO. v. LUDLAM.

### No. 12879.

Court of Civil Appeals of Texas.
Fort Worth.

July 15, 1933.

Rehearing Granted Sept. 30, 1933.

Wm. N. Bonner, of Houston, V. Childress, of Cambridge, Mass., and Gerald Coffey, of Wichita Falls, for appellant.

John C. Kay, of Wichita Falls, for appellee.

LATTIMORE, Justice.

Appellee sued the Holland Shoe Company for wrongful discharge from the latter's employ, alleging a year's contract as a shoe saleman at $600 per month, appellee to pay his own expenses, and that three months before termination of said contract and at a time when his duties would not have carried him away from home, and thus he would have been at no expense in selling his master's products, he was wrongfully discharged.

Said Holland Shoe Company was a nonresident and was served with nonresident notice. Ancillary writs of garnishment were sued out and served on appellants.

Judgment was for appellee against said Holland Shoe Company by default to the extent of the indebtedness admitted by the answer of appellant garnishees and against appellants in the respective amounts so admitted.

The application for the writ of garnishment fulfills the statutory definition of an affidavit. Article 23, R. S. It was a statement in writing of the facts authorizing the writ, article 4078, R. S.; it was signed by appellee who had counsel of record therein who also signed the pleading, and we cannot believe that the signature of appellee, otherwise unnecessary, was for other purpose than to attest that he made the statements above his name; it was sworn to by appellee before a notary and so officially certified by that notary.

Appellant says that the claim was not such a "debt" as would support a garnishment before judgment. The application for the writ was under article 4076, subd. 2, R. S. The word "debt" as there used covers those actions in assumpsit at common law, Kildare Lumber Co. v. Atlanta Bank, 91 Tex. 95, 41 S. W. 64, the standard of liability for which is furnished by the contract and in which the amount of recovery can be established by witnesses and is not dependent upon facts either speculative or uncertain and only to be fixed by the conclusions of a jury. Hochstadler v. Sam, 73 Tex. 317, 11 S. W. 408. Thus suits for the value of an oil derrick, Gray v. Merritt (Tex. Com. App.) 276 S. W. 187; for breach of warranty in a deed, Fleming v. Pringle, 21 Tex. Civ. App. 225, 51 S. W. 553; for rent, Wise & Jackson v. Nott (Tex. Civ. App.) 283 S. W. 1110, 1111, 20 Tex. Juris, 709, support a garnishment, while a suit for commissions which a salesman may have earned in the future by miscellaneous sales which might have been made except for wrongful discharge by the master do not support a garnishment. Hochstadler v. Sam, supra:

In those cases it will be noted that the damages might by the evidence or defense develop uncertainty, but in fact did not, and the pleadings of plaintiff therein raised no such issue.

So here, the appellee was obligated to pay his own expenses in selling. However, he alleged, and the undisputed evidence and the judgment showed, he would have been at no expense during that period involved in this suit. His measure of damages is the contract wages, no diminution therefrom existing.

The appellant garnishee is in no position to challenge the sufficiency of the evidence before the court in the suit against the master Holland Shoe Company. It is of no moment to this appellant and subjects it to no liability to said master.

Affirmed.

### On Motion for Rehearing.

Appellant is suspicious of our failure to discuss St. Louis, B. & M. Ry. Co. v. Dallas Cooperage & Woodenware Co. (Tex. Civ. App.) 268 S. W. 769. The affiant in that case was an agent of the garnishor who made this statement just above his signature: That he does "on oath state I make this affidavit as the agent of the Dallas Cooperage Compa-

ny," "and that I am authorized to make same for plaintiff."

■ The Court of Civil Appeals held that the above excluded the remainder of the application for garnishment from the oath of the affiant. No such limitation or language appears in the affidavit of Ludlam, which distinguishes the Cooperage Case from the case at bar.

■ Appellant on motion for rehearing for the first time calls our attention to the fact that service on the defendant was had on return day only and that no answer was filed. The transcript so shows. The judgment in garnishment as well as that in debt are void. The error is fundamental. Harrison v. Whiteley (Tex. Com. App.) 6 S.W.(2d) 89.

The motion for rehearing is granted.

Our judgment of affirmance is set aside. The judgment of the trial court is reversed, and the cause remanded.