### YOUNGBLOOD v. YOUNGBLOOD et al.

#### No. 14430.

Court of Civil Appeals of Texas. Fort Worth.

June 5, 1942.

Rehearing Denied July 10, 1942.

Martin, Moore & Brewster, of Fort Worth, for appellant.

Hal S. Lattimore, of Fort Worth, for appellee Emma Youngblood.

Thompson & Barwise, of Fort Worth, for appellee Continental Nat. Bank.

SPEER, Justice.

Plaintiff Emma Youngblood sued her former husband, E. W. Youngblood, primarily to recover judgment for moneys alleged to be due and owing to her by him. The petition discloses that prior to their divorce, a girl child was born to them, who at the time of divorce was about ten years of age. Plaintiff's alleged cause of action is in two counts.

The first count is in substance that they were divorced by a judgment of the 67th district court in Tarrant County, entered September 1, 1936. The custody of the child was awarded to plaintiff and the decree ordered the defendant, E. W. Youngblood, to pay to plaintiff $2 per week for the support and maintenance of the child until she became sixteen years old; that defendant had only paid $100 of said amount; that the child was, at the time of instituting this suit, just past her sixteenth birthday, and that there remained due and unpaid, on said court order, the sum of $515. That defendant had at all times been able to pay said amounts, but had wilfully failed and refused to do so.

The second count, being in the alternative, is in effect that since the divorce was granted and custody of the child was awarded to plaintiff, she had expended $2,400 for the support and maintenance of the child; said expenditures being for lodging, clothing, food and other necessaries; that defendant was obligated to pay said items, that he had failed and refused to do so, and was now justly indebted to plaintiff for the payment thereof.

Applicable to both above counts, further allegations were made which charge that since the date of the divorce, defendant had married Marie Maples, now Marie Youngblood; that there is on deposit in Continental National Bank of Fort Worth, Texas, funds in the approximate amount of $600 in the name of Marie Maples, which funds are in fact community property of E. W. Youngblood and his present wife, Marie Youngblood; that said funds were so deposited to hide same from plaintiff and to evade the process of garnishment and to fraudulently secrete same from the payment of plaintiff's indebtedness against him; that defendant E. W. Youngblood had no other property subject to execution. Plaintiff made the second wife, Marie Youngblood, and Continental National Bank parties defendant, because of the apparent community interest between E. W. Youngblood and his present wife, Marie Youngblood, in the funds on deposit, and prayed for final judgment against E. W. Youngblood for the amount expended for necessaries to support and maintain the minor child, and for restraining orders against both E. W. Youngblood and Marie Youngblood from withdrawing any part of that fund and against the bank to prevent it paying out same at the request or upon the order of either of the named parties. In chambers and without a hearing, the judge entered his fiat on the petition, granting the restraining order. After

notice to Marie Youngblood and the bank, but without notice to E. W. Youngblood, a regular hearing was had by the court to determine if a temporary writ of injunction should be issued. The court heard the testimony offered and found that service of process had not been had upon E. W. Youngblood and continued the previously issued restraining order in effect until further orders were made thereon. There was a further finding that defendant, E. W. Youngblood, had not paid the money ordered by the 67th district court to plaintiff for the support and maintenance of the child, except for the sum of $100; that he has been amply able to pay the same; that $671 then on deposit with the Continental National Bank, in the name of Marie Maples (now Marie Youngblood) was the community property of E. W. Youngblood; that he will withdraw said funds from said bank and place it beyond the reach of the court and out of the reach of said 67th district court unless he and his present wife, Marie Youngblood, are restrained from so doing; that more than $500 is due and unpaid on said child support order issued by the said 67th district court, and that same was so due and unpaid on the sixteenth birthday of said child; that the money is needed by plaintiff for the support of said child, the latter being without some of the necessities of life, and that plaintiff will suffer irreparable injury unless the writ of injunction should issue and that she has no adequate remedy at law. Upon these findings of fact, which are supported by the evidence, the temporary writ of injunction was issued against Marie Youngblood, enjoining her from withdrawing said fund to the extent of depleting same so as to leave less than $671.80 therein, and enjoining the bank from permitting the withdrawal thereof to the same extent. The injunction bond was set at $500. Defendant Marie Youngblood excepted to the judgment, gave notice of and has perfected her appeal from that order.

Appellant assigns a number of reasons why the injunction should not have been granted, and all are discussed together in her brief. Appellee filed a strong replication thereto, which appeals to the best there is in our system of equity.

■ It will be observed that appellee's first count sets up the judgment of divorce in the 67th district court in September, 1936, in which the custody of the child was awarded to her and the husband was re- quired to pay so much per week toward the support and maintenance of their daughter; that he had failed to make the payments, although able to do so; that the child was now sixteen years old and that all payments had matured. It is apparent from the record that the court making the or- .der has not changed, altered or suspended it. If this action could be construed to be one for the enforcement of that order, we are at once confronted with the fact that it was brought in another court from the one entering the judgment and as we view the decisions interpreting the statutory provisions in such matters, where no question of venue is involved, as in this case, the jurisdiction remains with the court in which the orders were made, to alter, change or suspend such judgment as shall seem to him warranted under the facts. This authority is given to the court making the order, it being the 67th district court here, while this action is in the 96th district court. See Article 4639a, Vernon's Ann.Civ.St., and Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. No separate action can be maintained by this appellee in the 96th district court to recover the amount alleged to be due her for child support under the former court order.

In Ex parte Davis, 101 Tex. 607, 111 S.W. 394, 396, 17 L.R.A.,N.S., 1140, the Supreme Court had before it a habeas corpus proceeding in which Davis had been held in contempt for failure to pay alimony to the wife pending a divorce hearing. The contention was made that he was illegally imprisoned for debt in violation of Article 1, Section 18, of our Constitution. The court held against the contention urged and wrote well on the true meaning of the statutory provisions as they then existed. In the discussion of the point the court said: "If it [the order for alimony] were not complied with the plaintiff in the case could not maintain an action in any other court in this state to enforce the payment." The Davis case, supra, was decided before the enactment of Article 4639a, which specifically provides for the trial court to determine what amount, if any, a parent shall be required to pay, and the manner of such payment, toward the support and maintenance of a child or children prior to becoming 16 years of age.

■ After the enactment of Article 4639a, the Supreme Court had before it the case of Ex parte Birkhead, 127 Tex. 556,

95 S.W.2d 953. That case involved the imprisonment of Birkhead for failure to make payments of child support awarded against him in a divorce proceeding. In declining to order relator discharged from custody, the court held, (1) that the judgment requiring payment by a spouse for child support is not a final one, (2) the court entering the judgment retains jurisdiction and may subsequently alter, change or suspend such payments, and (3) the only remedy for the enforcement of the order is by civil contempt proceedings. Appellee insists that even though Article 4639a does contain the provision that the court entering the order shall have power to enforce it by civil contempt proceedings, by Section 2 of the article the act is made cumulative of all other laws upon the same subject, and therefore the remedy is not restricted alone to civil contempt proceedings. It remains, however, that with the whole provision before it, the Supreme Court so construed the act in the Birkhead case, supra, 95 S.W.2d at page 955, in this language: " * * * Also, by the express terms of the statute, the only remedy for the enforcement of such orders [child support] is by civil contempt proceedings." We are not at liberty to place a different construction upon the statute involved from that given by the Supreme Court. In discussing the case, the Supreme Court further held that there was no material difference in the applicable rule of law announced in the Davis case, supra, and that under consideration for child support. Under the above holdings we do not believe the trial court, in the instant case, was authorized to enjoin the withdrawal of the funds in the bank because of the unpaid balance of awards made by the 67th district court.

■ The second count in plaintiff's petition sounds an action for recovery of amounts expended by plaintiff for support and maintenance of the minor child between the time her custody was awarded to plaintiff and when she became sixteen years old, under allegations that defendant E. W. Youngblood, her father, was morally and legally bound for her support and impliedly promised to pay plaintiff such sums as she should be required to expend for necessaries for their child. Irrespective of the former order of the 67th district court, in which the husband was directed to pay a specified amount, if at the expiration of the period covered by the order, he had not complied with the order, she could maintain a separate suit against him for the expense for necessaries furnished by her. Lewis v. Lewis, Tex.Civ. App., 125 S.W.2d 375, writ refused. Marie Youngblood, the appellee here, does not challenge this point, for indeed she only appeals from the order of injunction preventing her from withdrawing all the funds on deposit in the bank. The defaulting husband, E. W. Youngblood, had not been served with process in this case when the injunction hearing was had, nor has the issue of the right of appellee to recover against him been tried on the merits.

■ It is the settled rule in this state that courts of equity will not issue the extraordinary writ of injunction in cases where the party has an adequate legal remedy by which he may acquire the relief sought. 24 Tex.Jur., p. 79, sect. 57. There has been a diversity of opinions among our courts in construing the principle announced; these are discussed in the text cited. Our Supreme Court has gone far enough to say that this means the legal remedy must afford relief as full and complete as injunction would afford. Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994. The prayer in the instant petition for injunction against the bank asks that it be required to answer in what sums it is indebted to either of the other two defendants (E. W. and Marie Youngblood) or both of them, or what sums it has on deposit or in its custody belonging to them. It is the contention of appellee that all of the deposit carried by the bank in the name of Marie Maples (now Marie Youngblood) except such amount thereof as is the separate property of Marie Youngblood, is community property and subject to the payment of appellee's debt against her husband and the father of her daughter.

Article 4076 provides for the issuance of the writ of garnishment, when suit is instituted for debt and the provisions of that article are complied with. If appellee's claim is such a "debt" as that contemplated by the statute above cited, then she had her adequate remedy at law through the means of garnishment. It has been held that a claim for rent growing out of an implied contract to pay is such a debt as will support the issuance of the writ, the test being whether or not the claim is susceptible to definite ascertainment at the time of the action. Wise & Jackson v.

Nott, Tex.Civ.App., 283 S.W. 1110. Likewise, an action for the breach of warranty of title to land will support garnishment. Fleming v. Pringle, 21 Tex.Civ.App. 225, 51 S.W. 553. The writ may issue in suits for the reasonable value of services, although no definite and specific amount was agreed upon; and a suit for commissions due an agent, being susceptible of proof and definite ascertainment, may support the writ. Austin National Bank v. Bergen, Tex.Civ.App., 47 S.W. 1037, reversed on rehearing on other grounds 48 S.W. 743. This court followed the holdings above cited in Big Four Shoe Stores Co. v. Ludlam, Tex.Civ.App., 63 S.W.2d 885, involving the breach of a contract, but on motion for rehearing found that service was not complete when the judgment was entered and for that reason withdrew its judgment of affirmance and reversed the case.

We have concluded that the nature of appellee's claim based upon her second count is such as falls within the provisions of the statute authorizing the issuance of the writ of garnishment should she have chosen to pursue that remedy to impound the fund in the bank. It is no sufficient answer to this rule that a garnishment would have impounded the separate property of Marie Youngblood along with the community funds of defendant E. W. Youngblood. Only the funds belonging to E. W. Youngblood and the community funds under his control would have been impounded by garnishment against the bank. Hatley v. West Texas National Bank, Tex.Civ.App., 272 S.W. 571. Nor does the writ when served fix a lien on any other property than that of the debtor. 20 Tex.Jur., p. 710, sect. 11. Moreover, the writ of garnishment would have required the bank to disclose by its answer all that appellee asked the court to require of it under the injunction order and even more, as provided by Rules of Civil Procedure, rule 665. If the answer of the garnishee bank had been unsatisfactory to appellee, she would have had ample authority to traverse it and have the true facts shown in a hearing for that purpose. Rules of Civil Procedure, rule 673.

We know of no rule of law or equity that authorizes courts to issue the writ of injunction against defendants restraining them from disposing of their property upon which a plaintiff has no form of lien, pending litigation; although such disposition might prevent the collection of a judgment in the event one should be recovered. However, much can be said of valuable rights that may be protected and even preserved by the issuance of the writ. Courts have vied with each other in an effort to express the deep solicitude of society for the welfare of helpless children, who often are the innocent victims of the inexcusable conduct of their unworthy parents, yet the courts may not write into the law a rule that is in direct conflict with the written law which is designed to be a panacea for all legal ailments.

For the reasons stated, we hold that the injunction should not have been granted. We therefore reverse the judgment of the trial court and dissolve the temporary writ of injunction. It is so ordered.