## Western Coal and Mining Company, Appellant, v. James Norvell, Appellee.

1. SET-OFF AND RECOUPMENT, § 10*—*when unliquidated damages not subject of set-off*. Unliquidated damages not growing out of the contract sued on and in no wise connected therewith cannot be made the subject of a set-off.

2. DAMAGES, § 81*—*what are unliquidated*. Unliquidated damages are such as rest in opinion only, and must be ascertained by a jury, their verdict being regulated by the peculiar circumstances of each particular case. They are damages which cannot be ascertained by computation or calculation, as, for instance, damages for not using a farm in a workmanlike manner; for carelessly upsetting a stage, by which a bone is broken, and other cases of like character, where the amount to be settled rests in the discretion, judgment or opinion of the jury.

3. LANDLORD AND TENANT, § 376*—*what may be set-off on distress for rent*. On distress for rent, defendant may plead as set-off demands for work and labor performed for and material furnished to plaintiff, even though such services were not limited to the leased premises.

4. COURTS, § 100*—*when County Court not ousted of jurisdiction by amount of judgment*. The County Court is not ousted of jurisdiction by the fact that under an improper direction of the court, that an item not claimed be included, the judgment would be for an amount in excess of the court's jurisdiction, where the judgment as entered is within the jurisdictional amount.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Western Coal & Mining Co. v. Norvell, 212 Ill. App. 218.

5. Landlord and tenant, § 387*—*when judgment on plea of set-off on distress for rent is erroneous.* Where, on distress for rent, defendant strikes from his plea of set-off the value of goods levied upon under the distress warrant, it is not proper for the court to include in the judgment for defendant the proceeds of the sale of such goods.

6. Appeal and error, § 1766*—*when judgment reformed by striking out as surplusage illegal part.* The fact that the trial court, on distress for rent, improperly directed that there be paid to defendant, who recovered on a plea of set-off, the proceeds of the sale of property levied on under the warrant, will not defeat so much of the judgment as was entered in legal form, but the Appellate Court will reform the judgment by striking out as surplusage such illegal part.

7. Appeal and error, § 1659*—*what error cured by remittitur.* Error of the jury in overlooking plaintiff's claim for rent in rendering judgment for defendant on his plea of set-off is cured by a remittitur by defendant of the amount agreed to be the amount of the rent.

8. Principal and agent, § 111*—*when employment by authorized agents and receipt of benefits of work shown.* On distress for rent to which a demand for work and labor was pleaded as set-off, evidence *held* to show that defendant was employed by authorized agents of plaintiff, and that the plaintiff received the benefit of the services.

9. Instructions, § 30*—*when oral direction to jury is not error.* The statutory requirement that instructions to the jury shall be in writing does not prohibit the trial court from giving the jury an oral direction to disregard certain items which defendant has stricken from his plea of set-off and to pay no attention to testimony in regard to such items.

Appeal from the County Court of Jackson county; the Hon. W. F. Ellis, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed November 1, 1918.

L. R. Stewart and Whitnel & Whitnel, for appellant.

Martin & Glenn, for appellee; Lawrence A. Glenn, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The Western Coal and Mining Company, which is appellant here, at the time of the occurrences with which this suit is concerned, was the owner of and operating a large coal mine in the Village of Bush in Williamson county, Illinois.

In carrying on its mining operations, it became possessed of several hundred miners' houses and other buildings at that place, and it also owned several thousand acres of land in the vicinity of Bush and Hurst, another village near by. On September 19, 1910, the mining company leased to James Norvell, the appellee, for 3 years, a portion of its lands for farming purposes at a cash rent of $275 a year. During the existence of the lease, on April 20, 1912, a cyclone struck the Village of Bush blowing down hundreds of houses, killing persons and damaging the mine. It also practically destroyed Norvell's house, barn, fences and other improvements, and killed much of his live stock. Under the instructions from Winchester, who was the "farm boss" of appellant, and later from other persons connected with appellant, including its general superintendent, as is claimed by appellee, he obtained lumber, made repairs to buildings and fences on the farm and also used his teams in clearing up the débris left by the cyclone around their buildings in Hurst, for none of which he claims he has ever been paid or given credit. The lease covered a large body of land, but all of it had been taken from Norvell but some 26 acres, for which Norvell claims he was to pay only $70 a year, by agreement with the farm boss Wright, who had succeeded Winchester. On the 27th day of June, by a notice dated June 23, 1913, signed by Wright as agent for appellant, Norvell was notified that there was due from him to appellant as rent the sum of $105; that payment of said sum was demanded and that unless such payment was made on or before

the 23rd day of August, 1913, his lease would be terminated.   Appellee did not pay the rent mentioned in the notice for the reason that he claimed appellant was indebted to him in a greater sum than that amount. On September 5, 1913, appellant levied a distress warrant for the sum of $225, which was claimed to be the balance of the rent due to it on the 1st day of September, 1913, upon 300 bushels of wheat in sacks, weighing 18,105 pounds, in appellee's granary, a part of which appellee testified came from other lands than those which he had rented from appellant.   To this distress warrant and an inventory, standing as the declaration of appellant in the cause, appellee pleaded a set-off and filed therewith a copy of his account against appellant. This account purported to be "for labor and material furnished and performed by the said James Norvell for the Western Coal and Mining Company" and included a claim for work with teams 93 days at $3 per day, $279, fence posts at 5 cents per post, $88.20, items for erecting or repairing certain buildings and fencing premises, for material furnished and for labor paid for, amounting in all to $1,074.   This account was afterwards amended by adding 400 bushels of wheat taken under the distress warrant and the breaking of 20 acres of ground, which raised the total to $1,499.20. Later on during the trial the statement of the amount claimed by appellee was again amended by striking out several items, including the wheat taken under the distress warrant, and reducing the amount claimed to $982.80. The jury found in favor of the defendant and that there was due him the sum of $982.80.   Subsequently appellee entered a remittitur in the sum of $70, which seems to have been the amount of one year's rent on the premises, which he had not paid, and judgment was entered for $912.20 in his favor, which appears to have been a few cents less than the proper amount.

The first contention of appellant is that the court

below in trying the case misconstrued the meaning of section 21 of the Act in relation to landlord and tenant (J. & A. ¶ 7059). That section is as follows: "The defendant may avail himself of any set-off or other defense which would have been proper if the suit had been for the rent in any form of action and with like effect." It is the theory of appellant that the items included in appellee's set-off constituted a claim for unliquidated damages and consequently were not recoverable in the case by way of set-off, also that such items did not arise out of the rental transaction and for that reason likewise were not recoverable. Appellant's views as to the law applicable to this phase of the case are set forth in three instructions which were offered by it and refused by the court. The first was as follows: "The jury are instructed in this case that even though you may believe from a preponderance of the evidence that following the cyclone which blew down and damaged the buildings of the plaintiff not situated upon the land leased by the plaintiff to the defendant, that the defendant furnished teams and labor and did the work of hauling lumber, brick and other materials in clearing away the débris of such buildings not situated upon the leased land, without an agreement between the plaintiff and the defendant as to the value of such services, leaving the amount to be paid therefor by the plaintiff to defendant, if anything, unliquidated, that then and in such case the defendant cannot set off in this suit as against the claim of the plaintiff for rent the value of such services so rendered by the defendant." Another one of said refused instructions applied the same rule to work that the appellant may have done in constructing buildings or fences or furnishing material therefor. And a third applied a like rule to cases where there were unliquidated items arising out of a transaction distinct and separate from and not connected with the rental or lease of the land to appellee by appellant.

It is true, as claimed by appellant, that as a general rule unliquidated damages not growing out of the contract sued on, and no wise connected therewith, cannot be made the subject of a set-off. (*Higbie v. Rust,* 211 Ill. 333.) But here the items contained in appellee's claim of set-off were not such as should be considered to be claims for unliquidated damages. A clear definition of unliquidated damages, as we understand them, is contained in *Butts v. Collins,* 13 Wend. (N. Y.) 139, which is as follows: "They are such as rest in opinion only, and must be ascertained by a jury, their verdict being regulated by the peculiar circumstances of each particular case. They are damages which cannot be ascertained by computation or calculation, as, for instance, damages for not using a farm in a workmanlike manner; * * * for carelessly upsetting a stage, by which a bone is broken, * * * and other cases of like character, where the amount to be settled rests in the discretion, judgment or opinion of the jury." The items in controversy here could readily be determined by the proof, and their value did not rest in the discretion, judgment or opinion of the jury. The question presented also appears to be determined in this State by the case of *East v. Crow,* 70 Ill. 91. This suit grew out of a controversy as to the terms on which a farm was rented, and concerning a long string of accounts each party held against the other arising under the lease and from their mutual dealings while the relation of landlord and tenant existed. The court refused to give an instruction for plaintiff that they should disregard demands interposed in the suit by way of set-off, which had never been liquidated or the amount thereon settled upon and determined, unless the jury believed from the evidence that such demands grew out of the subject-matter or claims upon which plaintiff's suit was brought. The court in its opinion discussed certain cases relied upon to sustain such instruction, and in disposing of it they

said: "These decisions do not sustain the position taken by the plaintiff, nor the instruction refused. There was no evidence in the case upon which to base the instruction. The items of set-off in defendant's account were not unliquidated damages arising out of a breach of contract, covenant or tort. They were for work, labor performed, board, goods sold and delivered, and money, etc. These items were a proper subject of set-off, and it would have been erroneous for the court to have given the instruction." In *D. Heenan Mercantile Co. v. Welter,* 144 Ill. App. 279, it is said: "Demands for work and labor performed, board, goods sold and delivered, are of such a nature that they may be set off in an action *ex contractu,* whether they arise out of the subject-matter of the plaintiff's suit or not." It would seem clear that the items contained in appellee's set-off, and for which he recovered judgment, were proper items of set-off, and that the court properly refused the three instructions of appellant which stated the contrary doctrine.

It is claimed that the County Court had no jurisdiction of the set-off because it was for a larger amount than $1,000. As amended, however, the amount of the claim was $982.70, and the judgment after the remittitur was entered was only for $912.20, which was within the proper limit to give the court jurisdiction. It is said by appellant, however, that as the judgment included the sum of $251.40 proceeds from the sale of wheat, which the court ordered to be paid to appellee by the county treasurer of Jackson county, that the total judgment was for an amount beyond the jurisdiction of the County Court. The judgment in regard to the latter amount was improper and the court had no authority to direct a payment of that sum to appellee by the county treasurer. That informality, however, should not imperil that portion of defendant's judgment which was entered in legal form, and the same should and will be reformed here by striking

out as surplusage the reference to the proceeds from the sale of wheat.

It is further contended by appellant that the jury wholly overlooked its claim for rent. If such mistake was made by the jury it was corrected by the remittitur of $70 entered by appellee, which was clearly shown to be the amount of the rent agreed upon. It was a further contention of appellant that appellee was not employed to do the work of hauling rubbish off of the streets of the village by any agent who was authorized to do so by the company. Appellee claims, however, and the proof seems to support the claim, that he was authorized to do the work by appellant's farm boss, by Shaw, the general superintendent, by the company's surveyor and by its local superintendent at Bush. This state of affairs, together with the fact as shown by the proof that appellant received the benefit of appellee's labors, were sufficient to justify the jury in finding that appellee was employed to perform the services.

On the trial, when appellee amended his plea of set-off by striking certain items therefrom, the court addressed the jury orally, and referring to said items said, they would be stricken from the record and the jury were not to pay any attention to the evidence of any of such items in the plea of set-off, that such items were stricken entirely from the record. Counsel for appellant except to this statement of the court for the reason that it was giving instructions to the jury orally and not in writing, as provided by statute. The court in his statement to the jury was following the usual form of procedure of trial courts under such circumstances in this State, and in so doing did not transgress the law which requires instructions to the jury to be given in writing. Upon this subject our Supreme Court said in the early case of *Bloomer v. Sherrill,* 11 Ill. 483: "The statute, requiring the instructions to the jury to be given in writing, did not require the Circuit Court to deliver a written opinion, in deciding

the motion of the plaintiff to exclude this testimony from the jury. This question merely concerned the admissibility of evidence, and had nothing to do with the law, as applicable to the evidence before them for consideration. When the court lays down the law by which the jury are to be governed in their deliberations, then he must instruct them in writing." The judgment entered by the court below in this case will be reformed by striking out the following portion of it, to wit, "that the sum of two hundred fifty-one dollars and forty cents ($251.40), proceeds from sale of wheat, be paid to James Norvell, defendant, by the county treasurer of Jackson county, Illinois," and as so reformed such judgment will be affirmed.

*Affirmed.*