## MASSMAN v. SNYDER (TEXAS GULF SULPHUR CO., Garnishee).

### No. 5522.

Circuit Court of Appeals, Fifth Circuit.
February 19, 1930.

A. D. Dyess, of Houston, Tex. (Hirsch, Brown & Susman and Ben J. Brown, all of Houston, Tex., and Leon Jaworski, of Houston, Tex., on the brief), for appellant.

A. C. Wood, Wm. E. Loose, and Alfred M. John, all of Houston, Tex. (King, Wood & Morrow, of Houston, Tex., on the brief), for appellee Snyder.

John M. Corbett, of Bay City, Tex., for appellee Texas Gulf Sulphur Co.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge. Appellant, A. E. Massman, a citizen of Louisiana, brought suit in the Sixty-First district court of Harris county, Tex., against appellee Joseph Snyder, a nonresident citizen of New York, and obtained service through publication based on attachment and garnishment proceedings. The suit was removed, and Snyder, appearing specially for the purpose of objecting to the jurisdiction, moved to dissolve the writ of attachment and garnishment and filed a plea in abatement. The suit was dismissed, and this appeal followed. Massman v. Snyder (D. C.) 27 F.(2d) 542. See also Fisher v. Snyder (D. C.) 27 F.(2d) 538.

The question to be decided is whether the bond given for the attachment was sufficient. This depends upon whether the suit was to recover on an unliquidated claim.

The petition is lengthy and, together with the five exhibits annexed, takes up over forty pages of the printed transcript. However, the cause of action may be briefly stated. It is alleged, in substance, that Massman entered into a contract of partnership with Snyder whereby he was to furnish the money to acquire mineral leases and land in the vicinity of Big Hill, Matagorda county, Tex., where it was known to them that the Texas Gulf Sulphur Company was prospecting for sulphur. By the terms of the agreement, after the sale of any property acquired, the amount put up by appellant was to be returned to him, but without interest, and the net profits were to be divided equally. Snyder was to be the manager of the partnership but to receive no salary or other compensation therefor. After acquiring some sixteen leases and parcels of land, all of which are described in detail in the petition, and in some of which George B. Hudson was interested, Snyder induced him and Hudson to refrain from offering the holdings to the Texas Gulf Sulphur Company and to join in selling them to Thomas E. Wing of New York City. Plaintiff received the money he had put into the venture, some $70,000, and a profit of $14,000 or $15,000 thereon, and Snyder told him he was making nothing out of the transaction. In reality Wing was representing the Texas Gulf Sulphur Company, and the properties conveyed by Massman, Snyder, and Hudson to Wing were subsequently transferred to that corporation, for which Snyder received 10,000 shares of the original stock in the company and retained oil and gas rights in the property. Later on, upon a reorganization of the sulphur company, Snyder was issued four shares of stock for each share of the original stock held by him. The stock he received has a value of $3,100,000, and during nine years intervening, before the suit was filed, he had received $500,000 in cash dividends on the said stock. Plaintiff alleges that he has been damaged in the sum of $3,550,000 by the fraudulent inducements and representations of Snyder and is also entitled to recover $250,000 as punitive and exemplary damages. The prayer of the petition is for an accounting and the recovery of such damages as might be found due, both actual and exemplary.

The affidavit upon which the writ of attachment issued, made by Massman, sets out that the suit is founded upon an unliquidated

demand against Snyder, that he is a non-resident of the state, and that plaintiff is seeking to recover the sum of $3,500,000 actual damages and $250,000 exemplary damages. The attachment was executed through garnishment proceedings against the Texas Gulf Sulphur Company and the attempted seizure of 54,100 shares of the capital stock of the corporation without nominal or par value and also by the seizure of an unpaid dividend of $1 per share, approximately of the value of $4,000,000.

Prior to 1913 the law of Texas did not provide for attachments in suits sounding in tort or for unliquidated amounts, and the Supreme Court of Texas had so held, applying the rule that a demand is to be considered liquidated where it can be ascertained definitely by proof of the facts and the award is not left to the discretion of the jury. Hochstadler v. Sam, 73 Tex. 315, 11 S. W. 408; El Paso National Bank v. Fuchs, 89 Tex., 197, 34 S. W. 206. See Chicago, etc., Ry. Co. v. Clark, 178 U. S. 353, 20 S. Ct. 924, 44 L. Ed. 1099.

In 1913 (Gen. & Sp. Laws 33rd Leg., 1st Called Sess., c. 21) the Texas Legislature adopted an amendment to the existing laws, then found in the Revised Civil Statutes of 1911, designating it as article 247-a, which provided that nothing in the chapter should prevent the issuance of attachments against persons, corporations, etc., upon whom personal service could not be obtained within the state, founded in tort or upon demands that are unliquidated, and further providing that, where the demand is unliquidated, the amount of the bond shall be fixed by the judge or the clerk of the court issuing it. This amendment may be found as article 281, tit. 13, of the Revised Civil Statutes of Texas 1925. The preceding articles of the same title require that in other cases the bond to be given shall be in a sum not less than double the amount of the debt sworn to be due.

Apparently, since the adoption of the act of 1913, the Supreme Court of Texas has not been called upon to pass upon the identical question here presented. It is evident, however, that the Legislature intended to provide for a new class of cases in which attachments might be issued, without interfering with the law as it then stood.

There could be no doubt that the case here presented arises purely from contract, and the measure of damages may be definitely determined from the proof. On the allegations of the petition, after deducting the interest of Hudson, plaintiff is entitled to one-half of the stock received by Snyder with the dividends thereon and a one-half interest in the mineral leases retained and nothing else except interest. The claim for exemplary damages in this case is purely fictitious and could not be allowed. As plaintiff has elected to sue for the value of the stock and other consideration received by Snyder, the amount can be definitely determined from the contract and the proof.

It would serve no good purpose to attempt to review the many decisions cited by appellant dealing with the definition of "unliquidated" in connection with other statutes, as they are not in point or controlling.

■ The bond on which the attachment issued was fixed by the court at $25,000. Attachment proceedings are stricti juris. To support an attachment the bond should have been in double the amount of the claim. Consequently, the attachment must fall.

We agree with the conclusions reached by the District Judge as announced in Fisher v. Snyder and in this case, above cited.

Affirmed.