**SWEATT et al. v. GROGAN et al.**
No. 5187.

District Court, N. D. Texas, Dallas Division.
Dec. 17, 1938.

Hussey & Smith, of Shreveport, La., Webster Atwell, of Dallas, Tex., and Mc-Gown, McGown, Godfrey & Logan, of Fort Worth, Tex., for plaintiffs.

Lyle Saxon and Bailey & Shaeffer, all of Dallas, Tex., and Slay & Simon, of Fort Worth, Tex., for defendants.

ATWELL, District Judge.

The plaintiffs allege a conspiracy and the conversion, as the result of such conspiracy, of three hundred thousand barrels of oil, alleged to be worth $405,000.

All of the defendants being non-residents, the plaintiff, while the suit was in the state court, secured service by writs of attachment and non-resident notices. In the motion to quash the writs, it is claimed that approximately two million dollars in property were attached; that subsequently a portion of the property was released, leaving two refineries and a $700,000 oil payment still impounded.

The motion attacks upon three grounds: First, that the bond is insufficient; second, that the Hurricane Petroleum Corporation had a service agent in Texas; and, third, that the affidavit denied animus singularly when there were plural defendants.

Article 279 of the Revised Statutes of Texas 1925 provides that, "before the issuance of any writ of attachment, the plaintiff must execute a bond, with two or more good and sufficient sureties, payable to the defendant in a sum not less than double the debt sworn to be due, * * *." The only exception to the provision with reference to the size of the bond is contained in Article 281, which is as follows: "Nothing in this title shall prevent the issuance of attachments in suits founded in tort or upon unliquidated demands against persons, copartnerships, associations or corporations upon whom personal service cannot be obtained within this State. Where the demand is unliquidated, the amount of the bond to be made by the plaintiff shall be fixed by the judge or clerk of the court, or by the justice of the peace issuing the attachment. The bond shall be made in the sum so fixed and upon the approval and filing of same, the attachment shall issue as in other cases."

The bonds in the present case were in the amount of $5,000, which amount had

been fixed by the state district judge in whose court the cause pended.

The defendants claim that the exception is not sufficient to prevent the requirement that the bonds should have been double the amount sued for. They claim that the rule is well established in Texas, that an attachment cannot issue for an unliquidated amount. Hochstadder v. Sam, 73 Tex. 315, 11 S.W. 408; El Paso National Bank v. Fuchs, 89 Tex. 197, 34 S.W. 206; Massman v. Snyder, 5 Cir., 37 F.2d 825; Kildare Lumber Company v. Atlanta Bank, 91 Tex. 95, 41 S.W. 64. The first and the last cases are by the Supreme Court of Texas. Another established Texas rule is, that an attachment does not lie in actions founded on tort. Gould v. Baker, 12 Tex.Civ. App. 669, 35 S.W. 708.

Article 281, quoted above, grants such extraordinary writs, provided they run against persons or corporations upon whom personal service cannot be obtained. The defendant, the Hurricane Corporation, was doing business in Texas with a permit and had an agent in Texas upon whom service could be had.

The defendants claim that the particularity followed in the pleading of the plaintiffs, shows a simple cause of conversion, and that under the Texas cases such an action is liquidated and not in tort or unliquidated. Felker v. Douglass, Tex.Civ.App. 57 S.W. 323. An action for the wrongful conversion of property where its value can be fairly approximated, is not unliquidated and uncertain, say such cases. See, also, Hitson v. Hurt, 45 Tex.Civ.App. 360, 101 S.W. 292; Jones v. Hunt, 74 Tex. 657, 12 S.W. 832; Hochstadder v. Sam, 73 Tex. 315, 11 S.W. 408; Gray v. Merritt, Tex. Com.App., 276 S.W. 187; Harrington Lumber Company v. Smith, 44 Tex.Civ.App. 363, 99 S.W. 110; Western Lumber Company v. Chicago, R. I. & G. Ry. Co., Tex. Civ.App., 180 S.W. 644; Williamson v. City of Eastland, Tex.Civ.App., 65 S.W.2d 774.

If the plaintiffs' claim is liquidated or tortious, then the court would have no right to fix the amount of the attachment bond, and the statutory requirement that it be double the amount of the claim, is binding. Massman v. Snyder, 5 Cir., 37 F.2d 825; Zachariae v. Swanson, 34 Tex.Civ.App. 1, 77 S.W. 627; East & West Texas Lumber Company v. Warren, 78 Tex. 318, 14 S.W. 783; Perkins v. Union Packing Company, Tex.Civ.App., 104 S.W.2d 80.

The only statutory authority to issue an attachment on a bond for a sum different than double the amount of the debt sworn to be due, is when the demand is unliquidated. If the debt sued upon here is liquidated, then the bond was insufficient. If it was in tort, it was insufficient, because it is inconceivable that the legislature would have used the word "tort" and the word "unliquidated" in the first sentence of Article 281, and only the word "unliquidated" in the next sentence of that article, had it intended to afford the same right to the judge or clerk of the court to fix the bond in a tort attachment, as it authorized them to fix the bond in unliquidated demands, at a sum different than double the amount of the sworn debt.

That many torts are unliquidated, is hardly sufficient to say that "tort" and "unliquidated" were merely used in the first sentence as synonyms.

The harshness of the remedy of attachment has caused the court to denominate that remedy as available only, if and when, the safeguards of the statute are strictly observed. In the Massman v. Snyder Case, the Circuit Court of Appeals for the Fifth Circuit, denominated attachment proceedings as stricti juris, and struck down an attachment which was not fortified by a bond in double the amount of the sworn debt.

If we glance at Article 281 again, we will notice that the exception to the general rule permits an attachment to be issued in a suit founded in tort or on an unliquidated demand where the defendants cannot be located for service in the state of Texas. But it does not except an action founded in tort from the requirements of Article 279, as to the size of the bond. We find that the judge, or the clerk, has the authority to fix the bond in an attachment proceeding such as is described in that article.

A construing court, with such a plain unambiguous short statute, under scrutiny, could find no excuse for adding to the word "unliquidated," the phrase, "in tort." The legislature did not put it there. That most torts are unliquidated does not justify a court in construing the word "unliquidated" as including all torts. In Re Montevallo Mining Company, 5 Cir., 294 F. 171, the Circuit Court of Appeals for this circuit, held that unliquidated tort claims are not provable in bankruptcy, notwithstanding the Bankruptcy Act (section 63, 11 U.S.

C.A. § 103) makes "unliquidated claims" provable. "Unliquidated claims" are such damages as exist in opinion and require ascertainment by jury, and cannot be ascertained or fixed by calculation. Simons v. Douglas' Ex'r., 189 Ky. 644, 225 S.W. 721; Western Coal & Mining Co. v. Norvell, 212 Ill.App. 218. "Unliquidated damages" are such as rest in opinon only and must be ascertained by a jury, the amount not being susceptible of calculation. United Cigarette Mach. Co. v. Brown, 119 Va. 813, 89 S. E. 850, L.R.A.1917F, 1100. See, also, Cox v. McLaughlin, 76 Cal. 60, 18 P. 100, 9 Am. St.Rep. 164. The case here alleges a specific amount of oil taken and a specific amount due for each barrel, making an exact figure of $405,000. This is sworn to. It must be conceded, however, that there is some doubt about its classification as a liquidated demand, even though it must have arisen out of a relationship between the parties. But, as noted above, even if the word "unliquidated" does include all torts, a holding with the plaintiffs for the sufficiency of the writs, would be met with the well established rules of the highest courts of the state for the issuance of attachments.

The other objection with reference to the statutory requirement that the plaintiff shall make an affidavit reciting that the writ is not sued out, "to injure or harass the defendant," Rev.St.Tex.1925, art. 276, was not complied with, because the two defendants, Hurricane Petroleum Corporation and M. J. Grogan, were named in it and the statement that it was not sued out to harass the defendant, is insufficient. It should have been in the plural. Perrill v. Kaufman, 72 Tex. 214, 12 S.W. 125 by the Texas Supreme Court. In that case, it was said that "there were two defendants. Before the plaintiffs were entitled to an attachment, they were required to make oath that it was not sued out for the purpose of injuring or harassing either of them. * * * [Since it did not do so], we think the court erred in overruling the motion to quash the attachment." See, also, Spencer v. Davis, Tex.Civ.App., 298 S.W. 443; Gunst v. Pelham, 74 Tex. 586, 12 S.W. 233; Buerger v. Wells, 110 Tex. 566, 222 S.W. 151; United States Fidelity & Guaranty Company v. Warnell, Tex.Civ.App., 103 S.W. 690; First State Bank of Mathis v. McCoy, Tex.Civ. App., 16 S.W.2d 340.

The motion to quash must be sustained.